[Civ. No. 15805. Fourth Dist., Div. Two. July 13, 1976.]

EUGENE C. JUDD, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
HELENE M. JUDD, Real Party in Interest.

**COUNSEL**

Donnenfeld & Brent and Jason G. Brent for Petitioner.

No appearance for Respondent.

Hopwood & Johnson and John A. Hopwood for Real Party in Interest.

## Opinion

**FOGG, J.**\*—Petitioner originally petitioned this court for a peremptory writ of mandate commanding respondent court to grant his motion to quash the service of summons upon him on the ground of lack of jurisdiction. On March 10, 1976, we denied without opinion his petition. On April 8, 1976, the Supreme Court granted his petition for hearing[1] and retransferred the matter to this court for hearing, with directions to issue an alternative writ of mandate. On April 16, 1976, we issued the alternative writ of mandate and ordered respondent to show cause why a peremptory writ should not issue.

The question presented is whether the trial court erred in determining that it had personal jurisdiction over the petitioner. We conclude that the constitutional basis for personal jurisdiction did not exist and that the trial court erred in denying the motion to quash service of summons insofar as spousal and child support were concerned.

We find most of the facts are not in dispute in reviewing the record before us. Real party in interest, Helene M. Judd (hereinafter referred to as Helene), filed a petition on May 13, 1975, in respondent court seeking a dissolution of her marriage to petitioner, Eugene C. Judd (hereinafter referred to as Eugene), and requesting custody of the minor children of said marriage, spousal and child support and attorney's fees and costs. On January 9, 1976, a special appearance was made by petitioner's counsel for the sole purpose of making a motion to quash the service of summons by mail on petitioner on September 10, 1975 (Code Civ. Proc., § 415.40) on the ground of lack of jurisdiction over petitioner. That motion was denied on February 11, 1976, and this proceeding was commenced.

Helene and Eugene were married in New York on December 22, 1950, and resided in New York or Connecticut until their separation on October 20, 1964. A written separation agreement was entered into

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]The petition for writ of mandate to the Supreme Court and "filed as petition for hearing" prayed for the issuance of a peremptory writ directing the trial court to grant his motion to quash the service of summons insofar as said summons purported to exercise personal jurisdiction over petitioner for the purpose of spousal and child support. At oral argument it was conceded by his counsel that the petitioner does not contest the trial court's jurisdiction in rem as to real party's petition for a determination of the status of the marriage.

between them respecting their rights and duties to each other and to the four minor children of their marriage. Both were represented by attorneys. On November 18, 1964, Helene obtained a Mexican divorce decree from Eugene which approved and incorporated the terms and conditions of the separation agreement. Subsequently Helene moved to California with the children of whom she had custody. Eugene never resided in California. He remarried and presently resides with his new wife on the East Coast. For approximately 12 years Eugene sent Helene the spousal and child support payments provided for in their separation agreement. Within the last 10 years Eugene visited his children in California no more than three times, such visits lasting two or three days.

 Additionally, counsel for real party in his points and authorities in opposition to writ of mandate alleges on information and belief that during her residence in California petitioner has done business in this state under the name of Judd-Falk, an employment agency, and has clients in California, has advertised in California, and has made business trips here. Attached to this points and authorities as Exhibit "A" is a purported Xerox copy of an advertisement appearing in "Advertising Age" for March 29, 1976, and reading in part as follows: "Our job, as management consultants, is to find qualified account management, media, market research and sales promotion people for the blue-chip agencies listed above. If your strength is in consumer packaged-goods marketing, you should know our president: Gene Judd. Contact him at Judd-Falk, 124 East 37th Street, New York, N.Y. 10016, Telephone: (212) 686-1500."

In response to petitioner's contention that the trial court did not have jurisdiction in personam over him, real party asserts that the Orange County Superior Court properly determined it had jurisdiction over petitioner in that: (1) he did conduct business in California; (2) he has done acts elsewhere that have caused an effect in this state by telephone calls and correspondence to Helene and his minor children and by making payments of various sums of money to her; (3) he has done acts in California by visiting the minor children here; and (4) Helene is a resident of Orange County and has a right to have her marriage dissolved and appropriate orders made by the Superior Court of Orange County.

Petitioner makes no contention that he was not properly served out of state with process under section 415.40 of the Code of Civil Procedure.

He does, however, deny that the State of California may exercise personal jurisdiction over him.

■ In order to obtain personal jurisdiction over a nonresident by service outside this state, it is necessary that the trial court have power to exercise such jurisdiction under section 410.10 of the Code of Civil Procedure which provides: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." (See: *Titus* v. *Superior Court,* 23 Cal.App.3d 792 [100 Cal.Rptr. 477].) In the comment of the Judicial Council following this code section in West's Annotated Code of Civil Procedure is found an interesting and informative discussion of the various bases of judicial jurisdiction over individuals which have been recognized. They are also listed in the Restatement Second of Conflict of Laws, section 27, page 120 as: (1) presence; (2) domicile; (3) residence; (4) nationality or citizenship; (5) consent; (6) appearance; (7) doing business in the state; (8) doing an act in the state; (9) causing an effect in the state by an act done elsewhere; (10) ownership, use or possession of a thing in this state; and (11) other relationships to the state which make the exercise of judicial jurisdiction reasonable. Mr. Witkin observes that these recognized bases of judicial jurisdiction have, in essence, been incorporated in section 410.10 of the Code of Civil Procedure. (1 Witkin, Cal. Procedure (2d ed. 1970) § 77, pp. 601-602.)

Real party seeks to apply numbers 7, 8 and 9 of the foregoing bases to the facts of the instant case to support the exercise of personal jurisdiction by the respondent court. Therefore, we have reviewed the facts disclosed by the record before us in determining whether there was a proper basis for exercising personal jurisdiction. In doing so, we are cognizant of the rule that real party has the burden of proof of facts establishing personal jurisdiction in respondent court despite proper service of process outside the state. (See: *Arnesen* v. *Raymond Lee Organization, Inc.,* 31 Cal.App.3d 991, 995 [107 Cal.Rptr. 744].)

All of the facts relied upon by real party in her opposition to the petition to establish that petitioner did do business in California are alleged by her attorney upon information and belief. ■ The following decisions all hold that affidavits or declarations made upon information and belief as to the facts purporting to be stated therein are hearsay and must be disregarded. (*Franklin* v. *Nat C. Goldstone Agency,* 33 Cal.2d 628, 631 [204 P.2d 37]; *Sheard* v. *Superior Court,* 40 Cal.App.3d

207, 212 [114 Cal.Rptr. 743]; *Gutierrez* v. *Superior Court,* 243 Cal.App.2d 710, 725 [52 Cal.Rptr. 592].)

■ The Xerox copy of the purported advertisement is likewise clearly hearsay and offered without any proper foundation for its admission in evidence. (See Evid. Code, § 1400 et seq.) Also, even if it were properly before us, this copy would merely be some evidence that a concern as "Judd-Falk" did business in California. Its evidentiary value to prove that "Gene Judd" mentioned in the ad as president of Judd-Falk did business in this state would be extremely doubtful, even assuming that petitioner was the same person referred to therein.

Petitioner asserts that none of the allegations concerning the doing of business in California and contained in real party's points and authorities in opposition to the petition for writ of mandate, including the advertisement, were argued or presented in the trial court. However, we find it unnecessary to consider this argument since we have previously indicated that these alleged facts must be disregarded.

■ Another ground for the rejection of real party's argument that the alleged doing of business by petitioner in this state subjected him to the jurisdiction of respondent court is found in the comment of the Judicial Council following "Doing Business in State," *supra,* basis: "A state has power to exercise judicial jurisdiction over a non-resident individual who does business in the state with respect to cause of action arising out of that business. [Citations.]" Even if this conduct on the part of petitioner constituted doing business in California, obviously the alleged cause of action of real party for dissolution of marriage was not a cause of action arising out of such business.

Real party also relies upon the following facts, which are admitted by petitioner, to support the trial court's determination that it had jurisdiction over petitioner: The sending of spousal and child support payments to Helene and visiting the children in California no more than 3 times within the previous 10 years. In addition, real party, by her counsel, alleges upon information and belief that petitioner has made telephone calls to and corresponded with Helene and the children. Although these alleged acts of communication could be disregarded under the cases previously cited, we cannot agree with real party's contention that they were acts done elsewhere by petitioner which, in connection with the payments of spousal and child support, caused an effect in the State of California, thereby satisfying one of the required

bases of judicial jurisdiction. ■ In Restatement Second of Conflict of Laws, section 37, there appears the following interpretation of the "Causing an Effect in the State by an Act Done Elsewhere," *supra,* basis of judicial discretion: "A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to any cause of action arising from these effects unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable." Additionally, the comment of the Judicial Council, *supra,* states: "Whether a particular relationship is sufficient is determined by assessing the relevance of the relationship to the cause of action involved. Such relevance is found when the exercise of jurisdiction is in accord with contemporary views of fair play and substantial justice, and serves the best interests of the international and interstate systems. [Citation.]" (P. 462.)

■ We find that it would neither be fair to petitioner nor reasonable to hold that this state acquired jurisdiction over him merely because he sent support payments here and communicated with his children and their mother by telephone or mail. Petitioner never resided in California. The original domicile of this family was in New York, and petitioner was not responsible for his former wife and his children moving to California. It should be a matter of strong public policy to encourage the payment of support and communication between a natural father and his children, not to discourage the same by subjecting the father to the expense and inconvenience of relitigating this matter of support in our state.

■ Neither is real party's position persuasive that petitioner has done acts in California by visiting his children here. We agree heartily with the following statement of the Court of Appeal, First District, Division I, in *Titus* v. *Superior Court, supra,* at p. 803: "It is a strong policy of the law to encourage the visitation of children with their parents. Such a policy should be fostered rather than thwarted."

Therefore, we conclude that none of the claimed bases for the exercise of judicial jurisdiction over petitioner have been proved nor are present in this case.

Let a peremptory writ of mandate issue to Orange County Superior Court commanding it to vacate its order denying the motion to quash service of summons on petitioner and to enter an order granting the motion to quash the service of summons insofar as said summons

purports to exercise personal jurisdiction over petitioner for the purpose of spousal and child support. The alternative writ is discharged.

Tamura, Acting P. J., and Kaufman, J., concurring.