[Civ. No. 44447. First Dist., Div. One. Oct. 16, 1978.]

EDWARD T. HOERLER, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
JUNE Y. HOERLER, Real Party in Interest.

**COUNSEL**

Popelka, Allard, McGowan & Jones and Franklin E. Bondonno for Petitioner.

No appearance for Respondent.

John S. Gerhardt for Real Party in Interest.

**OPINION**  .

**NEWSOM, J.**—Petitioner seeks to compel respondent Superior Court of Santa Clara to vacate its denial of his motion to quash service of process upon him, arguing that he is not subject to in personam jurisdiction in California.

We issued a stay and an alternative writ of prohibition. No return to the alternative writ has been filed.

The trial court found that petitioner and real party in interest had been married and had children in California and lived in this state for 14 years prior to departing briefly for the State of Washington, where their marriage was dissolved, the real party then returning to California, and petitioner taking up residence in the State of Washington.

Respondent court found on these facts—quite correctly as we think—that the case then fell squarely within the ruling of *Kulko* v. *Superior Court* (1977) 19 Cal.3d 514 [138 Cal.Rptr. 586, 564 P.2d 353], in

which our Supreme Court concluded that a father with custody of his daughter who merely sent her to California to reside permanently with her mother had sufficient contacts with California to justify in personam jurisdiction. Subsequently, the United States Supreme Court, in *Kulko* v. *California* (1978) 436 U.S. 84 [56 L.Ed.2d 132, 98 S.Ct. 1690] reversed the California *Kulko* decision, holding that the single act of a father returning his child to her mother in California was an insufficient basis for the asserted jurisdiction.

Petitioner cites *Judd* v. *Superior Court* (1976) 60 Cal.App.3d 38 [131 Cal.Rptr. 246], as controlling in the case at bench. There, jurisdiction was rejected where a nonresident father's sole contact with California consisted in sending support payments and occasionally visiting his children in this state. In *Judd,* however, the parties had no lengthy predissolution residency in California, having married in New York and resided there or in Connecticut until separation, at which time the mother moved to California with her children.

■ The question before us is that expressed in *Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 447 [128 Cal.Rptr. 34, 546 P.2d 322], whether "petitioner purposefully availed himself of the privilege of conducting business in California or of the benefits and protections of California laws . . . [or] anticipated that he would derive any economic benefit [here] as a result of his [act outside California]. . . ."

Notwithstanding California is the marriage domicile and the state in which the parties resided most of their married lives, we think jurisdiction cannot be invoked on the record before us. As said by the United States Supreme Court in *Kulko, supra:* "It cannot be disputed that California has substantial interests in protecting resident children and in facilitating child-support actions on behalf of those children. But these interests simply do not make California a 'fair forum,' *Shaffer* v. *Heitner, supra,* 433 U. S., at 215 [53 L.Ed.2d 683, 97 S.Ct. 2569], in which to require appellant, who derives no personal or commercial benefit from his child's presence in California and who lacks any other relevant contact with the State, either to defend a child-support suit or to suffer liability by default." (436 U.S. at p. 100-101 [56 L.Ed.2d at pp. 146-147].)

Let a peremptory writ issue.

Racanelli, P. J., and Elkington, J., concurred.

The petition of the real party in interest and appellant for a hearing by the Supreme Court was denied December 13, 1978.