[Civ. No. 46684. Second Dist., Div. One. Aug. 6, 1975.]

SHELL OIL COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
WILLIAM KOUBRATOFF, Real Party in Interest.

COUNSEL

McCutchen, Black, Verleger & Shea, Franklin H. Wilson, Peter W. James and W. Alexander Davis II for Petitioners.

No appearance for Respondent.

David Laufer for Real Party in Interest.

OPINION

**THOMPSON, J.**—Pursuant to Code of Civil Procedure section 1987, subdivision (c), real party in interest, on June 10, 1975, served by mail upon petitioners a request to produce persons, books, documents, and "other things" at a trial set for July 10, 1975. On June 20, 1975, petitioners served and filed objections to the request to produce. Real party in interest moved to strike petitioners' objections, contending that they were not filed within the time provided by section 1987. On July 7, 1975, respondent superior court ruled that petitioners' objections were not timely and ordered compliance with the request to produce. We issued our alternative writ to review the ruling for the reasons stated in *California Accounts, Inc.* v. *Superior Court, ante,* page 483 [123 Cal.Rptr. 304] filed concurrently with this opinion.

Code of Civil Procedure section 1987, subdivision (a), states the manner of service of a subpena. Subdivision (b) of section 1987 provides for a notice to appear as a substitute for a subpena in the case of parties of record to a civil action and similarly situated persons. Subdivision (c) of section 1987 states in part: "If the notice specified in subdivision (b) is served at least 20 days before the time required for attendance, or within such shorter time as the court may order, it may include a request that such party or person bring with him books, documents or other things. . . . Within five days thereafter, or such other period as the court may allow, the party or person of whom the request is made may serve and file written objections to the request or any part thereof, with a statement of grounds. Thereafter, upon noticed motion of the requesting party, accompanied by a showing of good cause and of materiality of the items to the issues, the court may order production of items to which objection was made, unless the objecting party or person establishes good cause for nonproduction or production under limitations or conditions . . . ."

Code of Civil Procedure section 1013, subdivision (a) provides that where "notice or other paper" is served by mail, service is complete when the document is posted but "if, within a given number of days after such service, a right may be exercised, or act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California . . . ."

Since real party in interest's written request to produce pursuant to Code of Civil Procedure section 1987, subdivision (c), was served upon petitioners by mail and petitioners served and filed their objections 10 days after service, the objections are timely only if the 5-day period to object stated in section 1987, subdivision (c), is extended by operation of section 1013. Section 1013 applies if the written request required by section 1987, subdivision (c), is a "notice or other paper" as the term is used in section 1013.

For the reasons stated by us in *California Accounts, Inc. v. Superior Court, supra,* filed concurrently with this opinion, we conclude that a request to produce books, documents, or other things served pursuant to Code of Civil Procedure section 1987, subdivision (c), is a notice or other paper within the meaning of Code of Civil Procedure section 1013. Petitioners' objections to the request of real party in interest were therefore timely.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of July 7, 1975, and to hear petitioners' objections on the merits.

Wood, P. J., and Lillie, J., concurred.