[Civ. No. 50030. Second Dist., Div. Four. June 6, 1977.]

FREDERICK H. SHEARER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THUNDERVOLT CORPORATION, Real Party in Interest.

**COUNSEL**

Cummins, White & Breidenbach, Francis Breidenbach, Thornburg, McGill, Deahl, Harman, Carey & Murray and Edwin A. Oster for Petitioners.

No appearance for Respondent.

Millar & Heckman and Richard W. Millar, Jr., for Real Party in Interest.

**OPINION**

FILES, P. J.—This is a mandate proceeding brought under Code of Civil Procedure section 418.10, subdivision (c), to compel the superior court to grant the motion of petitioners (defendants below) to quash service of summons on the ground of lack of jurisdiction over them. The only novel issue here arises from the contention of real party (plaintiff below) that the petition for a writ of mandate, filed here 15 days after notice of the trial court's ruling had been mailed, was untimely. ■ We hold that Code of Civil Procedure section 1013 operates to extend the 10 days allowed by section 418.10, and thus the petition here was timely.

The superior court denied the defendants' motion to quash service on November 23, 1976. Plaintiff's attorneys served notice of ruling by mailing it on November 24 to the office of the defendants' attorney in Los Angeles. This petition for mandate was filed here on December 9, which was the 15th day after the mailing.

Code of Civil Procedure section 418.10, subdivision (c), provides that if a motion to quash is denied, "the defendant, within 10 days after service upon him of a written notice of entry of an order of the court denying his motion . . . may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons . . . ."

Code of Civil Procedure section 1013, which governs service by mail generally, provides in subdivision (a) that "if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, . . ."

The language of those two sections, read literally, authorized the filing of the petition for writ of mandate on or before the 15th day after the mailing of the notice. It is the contention of plaintiff that section 1013 should not be applicable, by analogy with the rule governing the time for filing a notice of appeal.

In 1967 section 1013 was amended to state that it shall not apply to extend the time for filing a notice of appeal.[1] This language was the basis of the decision in *Chase* v. *Glynn* (1973) 35 Cal.App.3d 29 [110 Cal.Rptr. 566]. (See also *Nu-Way Associates, Inc.* v. *Keefe* (1971) 15 Cal.App.3d 926, 928 [93 Cal.Rptr. 614].) Real party argues that a petition for a writ of mandate is functionally similar to an appeal and so the same provision should apply.

The nonapplicability of section 1013 to notices of appeal is explained by the history of the amendments of that statute and the amendments of the rules on appeal.

In 1965, by reason of certain statutory changes, the Judicial Council amended rule 2 of the California Rules of Court to provide that the time for taking an appeal in a civil case would run from the service of a written notice instead of from the entry of the order or judgment appealed from. At that time section 1013 provided that if service was by mail, time would be extended one day, plus one day additional for every 100 miles distance between the place of deposit and the place of address. The council concluded that the times provided for in rule 2 should not be extended by the provisions of section 1013, and recommended to the Legislature that it amend section 1013 to that effect.

The report of the Judicial Council to the Governor and the Legislature, dated January 2, 1967, explained the council's recommendation. After quoting from section 1013, the report stated (at pp. 59-60): "Apparently the above quoted provision of Section 1013 applies to notice of entry of judgment served by a party, but it is not clear whether Section 1013 applies when notice of entry of judgment is mailed by the clerk of the court. To the extent that Section 1013 does apply, the time may vary

[1]The present text of Code of Civil Procedure section 1013, subdivision (a), is as follows: "In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but such extension shall not apply to extend the time for filing notice of intention to move for a new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal."

as between the parties in the same case and the date when a judgment becomes final will depend upon the location of the attorneys' offices. In addition, a factual issue will be presented, i.e., the distance from place of mailing of notice of entry of judgment, thereby complicating the resolution of a jurisdictional matter. [¶] It is important that any ambiguity regarding the application of Section 1013 be resolved and that the same rule apply to both the clerk's and party's notice. The factors mentioned above favor resolving the question by expressly providing that the section does not apply. With regard to the filing of a notice of appeal this rule would be no hardship since the 60-day or 30-day period would not be shortened appreciably."

In accordance with that recommendation, the Legislature amended section 1013 to provide that the extension shall not apply to extend the time for filing a notice of appeal. (Stats. 1967, ch. 169, § 6, p. 1267.)

The concern of the Judicial Council, as expressed in its 1967 report, was for precision in establishing, by public record, the date when a judgment becomes final. No comparable importance attaches to an order denying a motion to quash, so long as the aggrieved party is able to determine his time limit for seeking review.

Section 418.10, prescribing the procedure for motions to quash and for appellate review of a denial, was enacted in 1969, without any change in section 1013. The Legislature has thus made clear its intent that the general provisions of section 1013 govern the time limit prescribed in section 418.10 for filing a petition for a writ of mandate.

The underlying superior court action was brought by Thundervolt Corporation, as plaintiff, against Ristance Corporation, Ristance Products, Inc., Frederick H. Shearer and Richard Dugger.

Plaintiff is an Illinois corporation, doing business in California. The corporate defendants are incorporated in Indiana, and have done business in California, and have made a general appearance in the action.

The Ristance corporations, one or both, are in the business of manufacturing, and Thundervolt is a dealer and distributor of products manufactured by Ristance. The complaint is in two counts. The first count alleges that plaintiff and the defendants entered into an oral contract whereby plaintiff was granted exclusive sales rights to certain

products, and that "defendants and each of them" agreed not to sell or distribute these products except through plaintiff. Count one of the complaint charges "defendants and each of them" with breach of that contract.

The second count alleges, upon information and belief, that the defendants fraudulently deceived plaintiff and engaged in unfair competition in various respects. The prayer is for damages, an injunction and an accounting.

Summons and complaint were served upon defendant Shearer personally in the State of Indiana, but Dugger states there has been no service upon him. His joinder in the motion to quash was properly taken by the superior court to be a waiver of personal service and a submission for the limited purpose of a ruling as to whether he was subject to California jurisdiction.

The verified complaint alleges, and there is no contradiction, that Shearer and Dugger are Indiana residents and are the controlling shareholders of the Ristance corporations.

Shearer and Dugger supported their motion to quash by their affidavits, to the following effect:

Each of the individual defendants is an officer of each of the two Ristance corporations. Each of the individual defendants dealt with plaintiff solely in his capacity as a corporate officer, and neither had any other dealings with the plaintiff. Their representative capacities were fully disclosed to plaintiff. Neither Shearer nor Dugger has had any personal business dealings, negotiations or transactions on his own behalf with any person or entity in California.

Plaintiff filed a single declaration, that of its president Joel Daly, in opposition to the motion. Daly stated that between 1975 and 1976 he had engaged in numerous interstate communications with Shearer and Dugger. Daly also said: "On at least one occasion in 1975 I met personally with Mr. Dugger in Los Angeles County, California, concerning matters within the scope of the complaint. On at least two occasions in 1975 I met personally with Mr. Shearer in Los Angeles County, California, concerning matters contained within the scope of the complaint."

■ The burden of proof is upon the plaintiff to prove facts establishing a basis for personal jurisdiction over a nonresident defendant. (See *Judd* v. *Superior Court* (1976) 60 Cal.App.3d 38, 43 [131 Cal.Rptr. 246].) The Daly declaration filed by plaintiff contributes nothing to cast doubt upon the statements of Dugger and Shearer that they acted only as the disclosed agents of the corporate defendants. ■ Such conduct would not subject those individuals to California jurisdiction for an action upon a contract made on behalf of the corporation. (See *Arnesen* v. *Raymond Lee Organization, Inc.* (1973) 31 Cal.App.3d 991, 996 [107 Cal.Rptr. 744]; cf. *Sheard* v. *Superior Court* (1974) 40 Cal.App.3d 207 [114 Cal.Rptr. 743].)

■ Plaintiff argues that the second count of the complaint alleges a tort, and that each corporate officer may be held as a joint tortfeasor under these allegations. Assuming that these allegations are adequate for pleading purposes, they do not suffice as evidence that Shearer or Dugger have engaged in tortious conduct within or having an effect within this state. The allegations of the second count describing the conduct complained of are made upon information and belief. Even though a verified complaint may serve as an affidavit, statements made on information and belief will not sustain the burden of proof. (See *Judd* v. *Superior Court, supra,* 60 Cal.App.3d at p. 43.) Plaintiff has failed to show any contact with California which would support personal jurisdiction over Shearer or Dugger.

Let a writ of mandate issue, commanding the superior court to vacate its order of November 23, 1976, and make a new order quashing service upon each of the petitioners.

Dunn, J., and Jefferson (Bernard), J., concurred.