Opinion
FAINER, J.
 Thisis an appeal from a default judgment by defendant.[1] Plaintiff brought this action against defendant for *Supp. 15 breach of contract. Plaintiff served his interrogatories on defendant on December 30, 1977. Defendant failed to make sufficient responses to said interrogatories and, on August 8, 1978, the law and motion court ordered defendant to serve further answers to certain interrogatories. Defendant failed to supply any further answers to the interrogatories within the time limits set by the court order. On November 2, 1978, plaintiff filed his motion to strike defendant’s answer to the complaint or in the alternative to compel defendant to give further interrogatory answers pursuant to the provisions of Code of Civil Procedure[2] section 2034, subdivisions (a) and (d). The motion was set for hearing on November 14, 1978, 12 days after service by mail of plaintiff’s noticed motion. On November 14, 1978, the court granted plaintiff’s motion and ordered defendant’s answer stricken and her default entered. On February 22, 1979, a judgment by default was made and entered in favor of plaintiff and against defendant.
Defendant’s sole contention on appeal is that she received an inadequate statutory notice of the hearing of plaintiff’s motion for discovery sanctions because the notice of the hearing date was served by mail and the minimum notice period is 15 days computed as follows: 10 days pursuant to section 1005 plus 5 days pursuant to section 1013, subdivision (a).[3]
Defendant’s contention is correct and we reverse.
Earlier appellate decisions held that the extension of time under section 1013, subdivision (a) was not available to a party served with a notice of motion, deposited in the mail, 10 days before the date of hearing, because the right to be present at the hearing is not “... a right [that] may be exercised, or an act.. .to be done. . . ” as those terms are used in the code section. (Brown v. Rouse (1897) 115 Cal. 619, 621-622 [47 P. 601] (extension not needed on notice of hearing for justification of sureties); Welden v. Davis Auto Exchange (1957) 153 Cal.App.2d 515, 521 [315 P.2d 33] (notice of motion and of hearing date to dismiss *Supp. 16 a cross-complaint for want of prosecution did not require an extension of notice of the hearing date); see Cooper v. Board of Examiners (1975) 49 Cal.App.3d 931, 942, fn. 11 [123 Cal.Rptr. 563]; contra Mather v. Mather (1943) 22 Cal.2d 713, 719 [140 P.2d 808] (notice of hearing for entry of judgment insufficient when the date of the hearing was only 10 days after the date of mailing).)
More recent appellate courts have held that additional time is required under section 1013, subdivision (a) to extend the time to move to compel further answers to interrogatories when the interrogatory responses are served by mail. (California Accounts, Inc. v. Superior Court (1975) 50 Cal.App.3d 483, 487 [123 Cal.Rptr. 304]; see also Shell Oil Co. v. Superior Court (1975) 50 Cal.App.3d 489 [123 Cal.Rptr. 307].) In Shearer v. Superior Court (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824], it was held that the time to file a petition for an extraordinary writ was extended if the notice of entry of judgment or order was served by mail. The Shearer court pointed out that there is a statutory exception for notice of appeal in section 1013, subdivision (a) as that exception served the purpose of establishing the date the judgment became final but that the timing of a petition for a writ had no such importance. In Delgado v. Superior Court (1977) 74 Cal.App.3d 560, 563 [141 Cal.Rptr. 528], without discussion, it was held that a notice of motion to transfer an action for convenience of witnesses under section 397, subdivision 3, served by mail, required the extension under section 1013, subdivision (a).
The Shearer decision, supra, in pointing to a statutory exception in section 1013, subdivision (a), inferentially suggests that in the absence of a clear legislative mandate to the contrary, the extension is required for notice for all court hearings. Following this reasoning, we look at the statutory exceptions to discover the legislative intent. In section 1013, subdivision (a), it is provided that the “... extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of the Code or notice of appeal.” Section 594, subdivision (b) provides that the time periods of section 1013, subdivision (a) will not extend the notice of trial requirement for unlawful detainer actions. The unmistakable legislative intent to be inferred from these provisions is that section 1013, subdivision (a) does extend the time for notice by mail for any other mailed notice. The logical projection of this inference is that if the extension applies to notices of trial, it must also apply to notice of court hearing dates.
*Supp. 17 As the appellate decisions are conflicting, we are at liberty to choose what we believe to be the better rule. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 457 [20 Cal.Rptr. 321, 369 P.2d 937].) It is our view that section 1013, subdivision (a) should be interpreted as allowing the extension for any notice of hearing served by mail. We think that this follows the recent trend as exemplified in Shell Oil Co. v. Superior Court, supra, California Accounts, Inc. v. Superior Court, supra, and Delgado v. Superior Court, supra. Further, we believe this holding conforms to the legislative intent that the extension is required except when otherwise expressly stated. Finally, we think the practical effect of adoption of this interpretation is beneficial to counsel and trial courts. A conscientious attorney faced with a notice of hearing will not just appear at the hearing but will prepare declarations and points and authorities in opposition to the pending motion. These efforts will be the “act” of an adverse party within the meaning of section 1013, subdivision (a). Mail service has deteriorated over the years. Mail delay of moving and opposition papers is common. Fifteen days’ notice provides greater possibilities that the opposition papers will be filed in the trial court in sufficient time for the judge to read them prior to the hearing. Thus, the need for continuances by the responding party (who has been harmed by slow delivery of the moving papers) or by the court (which has been unable, due to late filing, to read the opposition papers) will be minimized.
The judgment is reversed and the matter is remanded with directions to the trial court to vacate the entry of default and reinstate defendant’s answer.[4] Appellant to recover her costs on appeal.
Bigelow, Acting P. J., and Saeta, J., concurred.

Defendant is actually seeking appellate review of an order of November 14, 1979, striking her answer to the complaint and ordering her default entered. An order granting or denying a motion to strike a pleading or a part thereof is a nonappealable order. (Couch v. McGregor (1937) 19 Cal.App.2d 633, 635 [66 Cal.Rptr. 159].) No appeal lies from an order entering a default. (Trujillo v. Trujillo (1945) 71 Cal.App.2d 257, 259 [162 P.2d 640].) Review on appeal from a final judgment is, however, the proper method of review of nonappealable orders. (Couch v. McGregor, supra at p. 634.)

All further references to any code section refer to the Code of Civil Procedure.

Section 1013, subdivision (a) reads as follows: “In case of service by mail...service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States and 20 days if the place of address is outside the United States....” The “place of address” of defendant in this case was that of her lawyer (§ 1011, subd. 1), which was within the State of California.

In Duggan v. Moss (1980) 98 Cal.App.3d 735 [159 Cal.Rptr. 425] and in Morgan v. Ransom (1979) 95 Cal.App.3d 664 [157 Cal.Rptr. 212], the appellate courts held that a pleading can not be stricken under the authority of section 2034 for a failure of a party to give discovery unless the trial court finds that the refusal prejudiced the party seeking discovery. This finding is required in addition to the statutory findings that the party refusing to give discovery acted without substantial justification and wilfully. (§§ 2030, 2034.) We have not examined the interrogatories defendant has failed to answer, but suggest that plaintiff must show prejudice before he can have defendant’s answer stricken.