SAETA, J., Dissenting.
My colleagues have decided that Code of Civil Procedure, section 1013, subdivision (a) (hereafter section 1013) does *Supp. 14 not apply to notices terminating tenancies given under Civil Code, section 1946 (hereafter section 1946). I disagree with that conclusion. We all agree that if section 1013 applied, the lawsuit here was prematurely brought.
The 30-day notice was served by posting the notice on the premises and mailing a copy to the defendant. The action was commenced by the filing of the complaint on the 35th day after the mailing and posting of the notice. Section 1013 should give the defendant 5 additional days beyond the 30 days prescribed in section 1946. Section 1013 provides, in part: “(a) In case of service by mail, the notice or other paper must be deposited in a post office... addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State ....” In my view, the section 1946 termination notice is a “notice” within the meaning of section 1013 and requires an act (to leave the premises) to be done by the recipient of the notice.
Section 1946 requires a party to give a “written notice” to the other party of an intention to terminate a month-to-month tenancy. Thirty days’ notice is required unless the parties have agreed that less time (to a minimum of seven days) is needed. The 1947 amendment to section 1946 added the following sentence: “The notice herein required shall be given in the manner prescribed in Section 1162 of the Code of Civil Procedure.” This amendment came after the decision, relied on. by the majority, in Colyear v. Tobriner (1936) 7 Cal.2d 735 [62 P.2d 741, 109 A.L.R. 191]. Colyear held that Code of Civil Procedure, section 1012 applied only to notices to be given under the Code of Civil Procedure. The 1947 amendment tying Code of Civil Procedure, section 1162 to Civil Code, section 1946 removed the applicability of Colyear v. Tobriner to the situation presented in our case. Note further, that Code of Civil Procedure, section 1162 refers back to Code of Civil Procedure, section 1161, and subdivisions 1 and 5 of section 1161 refer back to section 1946. Thus a pattern of interrelationship between the Civil Code provisions for termination of tenancies and the Code of Civil Procedure provisions for unlawful detainer has been constructed by the Legislature. In a similar vein, section 1013 has been applied to notices under *Supp. 15 the Business and Professions Code (Pesce v. Dept. of Alcoholic Bev. Control (1958) 51 Cal.2d 310 [333 P.2d 15]); and the Penal Code (People v. National Automobile & Casualty Ins. Co. (1979) 92 Cal.App.3d 907 [155 Cal.Rptr. 602]).
The applicability of section 1013 is buttressed by the following considerations:
(1) In several instances the Legislature has expressly provided that section 1013 should not apply to particular situations. In section 1013 itself, the Legislature has excepted from the five-day extension three notices: (a) notice of intention to move for new trial; (b) notice of intention to move to vacate judgment pursuant to Code of Civil Procedure, section 663a; (c) notice of appeal. With respect to mailed service of summons, Code of Civil Procedure, section 413.20 provides that “the provisions of section 1013 that extend the time for exercising a right or doing an act shall not extend any time specified in [title 5—relating to jurisdiction and service of process].” Most crucially, the Legislature has expressly declined to extend the benefits of section 1013 in the unlawful detainer field: In Code of Civil Procedure, section 594, subdivision (b) the notice of trial time provisions are not extended by section 1013. The Legislature has shown, by enacting the above statutes, that it knows how to limit the application of section 1013, including a limitation in unlawful detainer proceedings, when it wants to. I can discern no inference to the contrary as the majority does.[1]
Section 1013 applies to all notices unless the Legislature otherwise provides.
(2) The act contemplated by a notice of termination of tenancy is at least as significant, if not more so, than other acts which have been determined to come within the ambit of section 1013. The following cases all apply section 1013: California Accounts, Inc. v. Superior Court (1975) 50 Cal.App.3d 483 [123 Cal.Rptr. 304] (motion for further responses may be made within 35 days, not 30 days, of mailed responses); *Supp. 16 Shell Oil Co. v. Superior Court (1975) 50 Cal.App.3d 489 [123 Cal.Rptr. 307] (objections to a notice to produce); Shearer v. Superior Court (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824] (petition for extraordinary writ); and Delgado v. Superior Court (1977) 74 Cal.App.3d 560 [141 Cal.Rptr. 528] (motion for change of venue).
(3) The termination notice was served by posting and mailing pursuant to Code of Civil Procedure, section 1162, subdivision 3. Posting alone would not be enough to terminate the tenancy. (Jordan v. Talbot (1961) 55 Cal.2d 597, 608-609 [12 Cal.Rptr. 488, 361 P.2d 20].) Therefore mailing was required here for the notice to be effective. Mailing being necessary, the tenant should be given the benefits he would otherwise receive on receipt of other mailed notices.
Turning now to what appear to be the most salient features of the majority opinion, first, the opinion stresses the language of section 1013 which provides that service be made at the office address given in any document filed by the addressee. The opinion gives little effect to the following phrase: “otherwise at his place of residence.” To me, that phrase means that mail should be addressed to the residence if no paper has been filed by the potential addressee (here, defendant). Thus, if an action has not yet been filed, a notice required by law must be mailed to the defendant’s residence. As noted, section 1946 contemplates mailed notice by reference to Code of Civil Procedure, section 1162 and also by reference to the use of certified or registered mail.
Second, the majority discerns an unwritten premise that section 1013 applies only once an action has been commenced. However, section 1013 has been applied to extend the time for doing an act outside of a court proceeding. (Pesce v. Dept, of Alcoholic Bev. Control, supra; Dept, of Alcoholic Bev. Control v. Alcoholic Bev. Control Appeals Board (1959) 169 Cal.App.2d 785, 791, fn 3 [388 P.2d 50].) No court action had been filed in those disputes. Certainly, there is no explicit language in section 1013 that requires a suit to be commenced before section 1013 applies. Nor can I see any reason for such a rule. In contrast, in Smith v. City and County of San Francisco (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146], the Court of Appeal declined to extend section 1013 in the government tort claims context. That court held that the policy considerations underlying suits against the government prevailed over the general mailing provisions of the Code of Civil Procedure. Our situation is not analogous.
*Supp. 17 Third, the majority seeks to preserve the summary nature of unlawful detainer proceedings. I have no quarrel with this goal, provided that statutory authority is present. As noted, the Legislature in Code of Civil Procedure, section 594, subdivision (b) has preserved that goal by not extending section 1013 to notices of trial in unlawful detainer actions. It also has allowed the parties to limit the required notice of termination. Section 1946 provides that the parties can agree to give less than 30 days’ notice (to a minimum of 7 days). Therefore, landlords interested in speed of eviction can draft lease clauses which provide for less than 30 days’ notice, even with the added 5 days provided for in section 1013. Additionally, landlords can use personal service instead of substituted or posted-and-mailed service. The landlord-tenant relationship is a personal and continuing one, unlike, for example the relationship between two drivers involved in an automobile accident. The landlord knows where the tenant lives, and often, where he works. Personal service is more easily accomplished in this situation than in general. Application of section 1013 to section 1946 notices would not work a hardship on landlords nor unduly restrict legislative policy in favor of speedy disposition of unlawful detainer actions.
The Legislature has amended section 1013 from time to time, increasing the number of days from one to five for mailed notices. This is a legislative recognition that mail service is getting ever more inefficient and slow. It would best carry out legislative intent, on a matter as serious as terminating a tenancy and moving out of the premises, that the additional five days provided by section 1013 should apply to posted and mailed notices of termination of tenancies under section 1946. I would reverse the judgment on this ground. Therefore, I need not discuss or enter into the balance of the opinion.
A petition for a rehearing was denied July 16, 1980.

 In Richards v. Miller (1980) 106 Cal.App.3d.Supp. 13 [165 Cal.Rptr. 276] we state: “The unmistakable legislative intent to be inferred from these provisions [referring to the legislative exceptions to 1013 I have cited in the text] is that section 1013, subdivision (a) does extend the time for notice by mail for any other mailed notice” and “Further, we believe this holding [that section 1013 applies to notices of hearing] conforms to the legislative intent that the extension is required except when otherwise expressly stated.” I still adhere to these views.