[Civ. No. 62163. Second Dist., Div. Three. Nov. 22, 1982.]

ERWIN H. KARZ, Plaintiff and Appellant, v.
MARY FRANCES KARL et al., Defendants and Respondents.

COUNSEL

Edward J. Horowitz for Plaintiff and Appellant.

Richard I. Wideman for Defendants and Respondents.

OPINION

POTTER, Acting P. J.—Plaintiff Erwin Karz (hereinafter Karz) appeals from a judgment that he "shall take nothing" from defendants Harry Karl (hereinafter Karl), Debbie Reynolds (aka Mary Frances Karl, hereinafter Reynolds) and Raymax Productions, Inc. (hereinafter Raymax) in Karz' action for damages for breach of contract, fraud and conversion. The judgment was rendered in a trial department when Karz advised the trial court of his inability to prove essential elements of his case in view of a prior discovery order granting defendants' motion for sanctions which precluded him from introducing eleven different categories of proof.

The gravamen of Karz' complaint filed in December 1974 is that in January 1970, he and defendants entered into an oral joint venture agreement for the conversion of a Hollywood apartment house owned by Karz into a museum (the Hollywood Hall of Fame) for the display of memorabilia and "props" from the entertainment industry. Defendants allegedly agreed that Karz would alter and remodel the apartment house and that defendants would obtain the props and memorabilia and provide approximately $300,000 capital for the project. Plaintiff performed all of his obligations but defendants repudiated theirs. The alleged fraud was that defendants did not intend to perform. The conversion charged was the removal from plaintiff's premises of "memorabilia and 'props' of the joint venture of the approximate value of $400,000," and converting them to defendants' own use.

By stipulation initial discovery, comprising a six-session deposition of plaintiff and production of documents by plaintiff, was completed prior to defendants' answering the complaint. The answer filed in December 1975 denied the essential allegations of each cause of action and raised affirmative defenses of limitations, laches and statute of frauds. Successive motions of defendants for judgment on the pleadings and for summary judgment were denied.

Thereafter, on June 15, 1977, plaintiff took the deposition of defendant Karl. Plaintiff's subsequent attempt to take Reynolds' deposition in November 1978 encountered great difficulties. After it was recalendared several times in late 1978 and early 1979, and Reynolds failed to appear for her deposition on

March 30, 1979, plaintiff moved the court for sanctions, charging a wilful failure to appear.

On April 27, 1979, the court found that Reynolds "willfully failed to appear for a deposition without proper justification" and awarded a sanction of $350 plus $65 costs of reporter. Reynolds also was ordered to appear for her deposition on May 9, 1979, the court reserving jurisdiction to impose "any additional sanctions that may be necessary." Reynolds did so appear and her deposition was conducted May 9, 10 and 16, 1979.

In the meantime, the case was set for a 30-day trial on August 21, 1979. This date conflicted with Reynolds' professional commitments and her counsel's vacation plans and a continuance of the trial to September 17, 1979, was ordered on May 31.

Both parties then engaged in further discovery. Reynolds took the deposition of a nonparty witness on June 26. Plaintiff served a request on Reynolds for inspection and copying of documents and served interrogatories. Defendants, meanwhile, served a notice to take plaintiff's deposition. Both parties sought sanctions for alleged failure of the opposing party to comply with discovery demands. On September 7, 1979, the court denied both parties' motions.

On September 17, the court continued the trial on its own motion to April 14, 1980, and on the same day the parties stipulated to extend the five-year limitation under Code of Civil Procedure section 583 for bringing the action to trial to and including May 30, 1980.

The following day, September 18, 1979, defendants served an additional set of interrogatories on plaintiff. Plaintiff's answers were served by mail on October 23, 1979. On November 27, 1979, defendants served by mail their notice of motion to compel plaintiff to provide further answers. Said notice of motion was received by the clerk of the court on November 30, 1979, but was not filed until December 11, 1979, after the hearing date was changed by interlineation from December 13 to December 27. Plaintiff opposed the motion primarily on the basis that it was not timely, stating in this respect: "Where a propounding party deems further response to interrogatories is required, he must file a motion to compel further answers within 30 days of the date of service on him." Plaintiff, however, also argued the propriety of his answering certain interrogatories by reference to his deposition and asserted generally other propositions supportive of the sufficiency of his answers. After a hearing on December 27, the trial court made its order requiring "further answers without objection" within 30 days to all but 4 of the more than 25 items at issue.

Karz sought relief in this court by a petition for a writ of prohibition and mandate, challenging the trial court's jurisdiction to order further answers on the basis that defendants' motion was untimely. He sought a stay of the December 27 order, but it was denied. The petition for writ was denied by this court on January 31, 1980. Though a notice of the order of December 27 was served by mail December 28, 1979, and the order required further answers within 30 days, Karz took no action to serve further answers. A writ petition to the Supreme Court, also seeking a stay, was filed. No stay was issued and on February 27, 1980, the petition was denied.

On February 19, 1980, defendants served a notice of motion for sanctions for Karz' failure to comply with the December 27, 1979, order. The sanctions sought included an order striking out all of plaintiff's complaint and orders precluding proof on specific issues. This motion set March 10 as the date of hearing.

On March 6, 1980, plaintiff served by mail his "further responses" to the interrogatories. At the March 10 hearing, defendants' motion for sanctions was "denied without prejudice."[1]

Defendants' motion for sanctions challenging the sufficiency of the "further answers" was served and filed on March 18, 1980. The hearing date set was April 3, 1980. However, before such date, Karz served a set of "supplementary" answers to several of the interrogatories. Defendants supplemented their points and authorities and declaration in support of the motion for sanctions so as to challenge each of the supplementary answers.

Defendants contended that the "further answers" and "supplemental answers" were in large part simply copies of earlier answers found inadequate and presented a 35-page detailed analyis of the claimed inadequacies. Karz' opposition did not undertake any detailed response to defendants' showing. Instead, Karz relied upon his claim that defendants waived further answers, argued defendants' failure to comply with the requirements of Code of Civil Procedure section 1008, and belatedly raised objections to the propriety of some of the interrogatories.

The April 3, 1980, hearing was not reported. Consequently, the only evidence we have of what the court determined is the two minute entries and the formal order as signed by the court. The minute entry of April 3 states:

[1]There is no transcript of the proceedings on this date. Defendants claim that the denial resulted from the fact that the supplemental answers were filed. Karz contends that such denial was in recognition of his good faith exercise of his right to challenge the December 27 order by appellate writ proceedings. Resolution of this conflict does not appear to be vital to any question on this appeal. In either event, the denial without prejudice negates any possibility that the further answers were found adequate.

"Motion of defendants for sanctions for failure to comply with court order, for further answers, attorney's fees.

"Motion argued. Court rules as follows. Court on its own motion waives the provisions of Rules 222.

"Motion is granted as follows:

"Plaintiff is to provide answers to all interrogatories within 7 days:

"Interrogatories Nos: *2a, 2b, 2c, 2d, 2f, 2h, 3, 5, 7, 8, 9, 10(a)-(d), 11, 11d, 13, 14e, 15a-d, 16, 19 and 20*:

"Motion for sanctions granted as prayed as to each of the interrogatories except for interrogatories 1 and 2. Moving party to prepare the order and send notice."

The minute order of April 11, 1980, states:

"NUNC PRO TUNC ORDER: Motion of defendants for sanctions for failure to comply with court order, for further answers, attorney's fees.

"It appearing to the court that through inadvertence and clerical error the minute order of April 3, 1980 in the above entitled court does not properly reflect the Court's orders. Said minute order is ordered amended as of April 3, 1980 as follows:

"By striking paragraph 3 in its entirety, and further by striking all of the words commencing with 'Interrogatories and ending with the number "20." '

"By adding the following interrogatories Nos. after the number 2 of the last sentence as follows: '. . . . . . . . . . . . . 2a, 2b, 2c, 2d, 2f, and 2h.'

"Copy of this minute order is sent to both counsel via U S Mail."

On the same date, the court signed a formal order which recites as its preamble, "the Court finding that plaintiff willfully failed to make discovery and failed to follow the Court's Discovery Order of December 27, 1979, and good cause appearing therefor, . . ." The formal order was in the form submitted by defendants except that it struck the first five numbered paragraphs. The stricken paragraphs dismissed the contract claims against defendants Raymax and Karl, precluded Karz from introducing evidence of the terms of his claimed contract with Reynolds or of the performance called for by Reynolds or by Karz thereunder, and precluded Karz from introducing evidence of any consideration

to be received by him or by Reynolds thereunder. The operative provisions of the order as modified read as follows:

"1) Plaintiff is precluded from introducing evidence of and documents evidencing, summarizing or relating to his performance under the alleged joint venture;

"2) Plaintiff is precluded from introducing evidence of any 'secret negotiation' alleged in paragraph 6 of the Complaint;

"3) Plaintiff is precluded from offering any evidence as to claimed damages;

"4) Plaintiff is precluded from introducing any evidence of claimed lost profits;

"5) Plaintiff is precluded from introducing evidence contradicting or opposing evidence introduced by defendants of conversations regarding projected profits;

"6) Plaintiff is precluded from offering evidence of any of defendants' promises and claimed representations in connection with his fraud claims;

"7) Plaintiff is precluded from introducing evidence of any claimed 'admissions' of defendants or other facts as to the claimed 'value' of the props and memorabilia allegedly taken by defendants;

"8) Plaintiff is precluded from introducing evidence on his common count (Fourth Cause of Action);

"9) Plaintiff is precluded from offering evidence of the value of the land or building at 7201 Hollywood Blvd., Los Angeles;

"10) Plaintiff is precluded from offering expert testimony;

"11) Plaintiff is precluded from calling any witness at trial not fully identified (address and telephone number) in the witness list (answer to interrogatory No. 20)."

Each numbered paragraph of the preclusion order effected a preclusion to show matters which were the subject of interrogatories in issue other than numbers 1, 2, 2a, 2b, 2c, 2d, 2f and 2h. The formal order thus was consistent with the April 11 minute order which withheld sanctions in respect of the excepted interrogatories.

Also on April 11, Karz filed his "Statement of Compliance With Court's Minute Order of April 3, 1980," which stated that in accordance with said minute order, Karz served a copy of further answers on defendants on April 10, 1980. No further order was made with respect to discovery, and the preclusion order remained in effect and resulted in a dismissal as above set forth. This appeal followed.

### Contentions

Karz contends that: (1) defendants' motion to compel further answers to interrogatories was not timely made; thus, defendants waived any right to further answers and there was no basis for any subsequent order imposing sanctions; and (2) the sanctions imposed, amounting to a dismissal, were an abuse of discretion.

Defendants contend that: (1) their motion to compel further answers was timely; (2) in any event, Karz' filing of further answers waived any defect in the December 29, 1979, order; and (3) no abuse of discretion has been shown.

Karz controverts defendants' second contention.

### Discussion

#### Summary

Defendants' motion to require further answers was timely. Consequently, the order requiring further answers was not in excess of the court's jurisdiction. This makes it unnecessary to pass upon defendants' second contention. In light of plaintiff's wilful refusal to comply with the order requiring further answers, the preclusion order was not an abuse of discretion. The judgment will, therefore, be affirmed.

#### Defendants' Motion Was Timely

The facts with respect to the timeliness of defendants' motion to compel further answers are not in dispute. Plaintiff's answers to the interrogatories were served by mail on October 23, 1979. Defendants' motion was likewise served by mail on November 27, 1979. Though received by the clerk November 30, the motion was not stamped "Filed" until December 11, 1979.

The key statutory provision is Code of Civil Procedure section 2030, which provides in pertinent part: "(a) . . . . If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response. *Such motion must be upon notice given*

*within 30 days* from date of service of the answers or objections unless the court, on motion and notice, and for good cause shown, enlarges that time. Otherwise, the party submitting the interrogatories *shall be deemed to have waived the right to compel answer* pursuant to this section." (Italics added.)

■ The time limitation thus established is mandatory and if it is not met the court's order is "in excess of its jurisdiction." (*O'Brien* v. *Superior Court* (1965) 233 Cal.App.2d 388, 391-392 [43 Cal.Rptr. 815]; *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 788 [149 Cal.Rptr. 499].)

■ Karz' answers to defendants' interrogatories were served by mail. This extended by five days the time for any responsive action by defendants. Thus, defendants had a total of 35 days from such mailing within which to notice a motion under section 2030. In *California Accounts, Inc.* v. *Superior Court* (1975) 50 Cal.App.3d 483 [123 Cal.Rptr. 304], a motion to compel answers served and filed 32 days after mail service of the answers was held timely. The court said (*id.,* at p. 487): "In the case at bench, we do not deal with petitioner's response to a motion. We are concerned, however, with petitioner's action respecting real party in interest's response to a discovery instrument served upon him. The liberal rule of the precedential cases leads to the conclusion that the response to discovery is a proceeding similar to that on a motion. In this situation, petitioner's time to act by asserting its right to further responses to interrogatories is extended by Code of Civil Procedure section 1013, the original answers to interrogatories having been served upon petitioner by mail." (See also *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at p. 788, fn. 18.)

Consequently, the last day for defendants to act was November 27, 1979, the day on which defendants served the motion to compel further answers upon plaintiff by mail. Such service was authorized by Code of Civil Procedure section 1013, which specifically refers to "the notice or other paper" and provides that "[t]he service is complete at the time of the deposit." It is clear, therefore, that defendants did give notice of their motion to compel further answers within the required time period. It is also clear, however, that their motion was not filed until after the expiration of that period, since the documents were not even received by the clerk of the court until November 30, 1979.

■ The issue then is whether section 2030 requires that the motion to compel further answers be filed within the 30-day period, as well as that notice of the motion be given within that period.

The language of section 2030 could not be more explicit. The requirement is that the motion "must be upon notice given within 30 days from date of service of the answers. . . . " It contains no requirement as to when the motion shall be filed.

In support of his contention that the motion must be both served and filed within 30 days, plaintiff relies upon the provisions of Code of Civil Procedure section 1005.5 and upon three decided cases: *O'Brien* v. *Superior Court, supra,* 233 Cal.App.2d 388; *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771; and *Richards* v. *Miller* (1980) 106 Cal.App.3d Supp. 13 [165 Cal.Rptr. 276]. None of these authorities, however, support plaintiff's position.

Code of Civil Procedure section 1005.5 provides: "A motion upon all the grounds stated in the written notice thereof is deemed to have been *made* and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided." (Italics added.)

This section would be pertinent if section 2030 contained any reference to the time within which a motion shall be "made," but it does not.

*O'Brien* v. *Superior Court, supra,* 233 Cal.App.2d 388, did not deal with a notice of motion served within, but not filed within, the time period specified in section 2030. As the court stated (*id.,* at p. 390): "On October 27, 1964, more than 15 days after service of the answers, the plaintiff mailed his notice of motion and motion to compel further answers to interrogatories." Since section 2030, as it then read, required that the motion "be upon notice given within fifteen (15) days from date of service of the answers or objections," it was untimely.

In *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 798, it was held that "[r]espondent made a timely motion to compel"; in fact, it does not appear that there was any issue in that respect. The court, however, made the following comment in a lengthy and instructive discourse on the subject of discovery proceedings (*id.,* at p. 788): "If answers or objections are on file, and the propounding party deems that further response is required, he must file a motion to compel further answers within 30 days after the date of service of answers or objections, unless there is a stipulation extending time, or the court, on motion and notice, and for good cause shown, enlarges the time. Otherwise, the party is deemed to have waived the right to compel further answers. (Code Civ. Proc., § 2030, subd. (a).) [Fn. omitted.]"

This comment cannot be considered authoritative. It is not the holding of the case since no such question was posed. The stated statutory requirement of section 2030 that the notice be given within 30 days is omitted and without any statement of reasons therefor an unstated requirement that the motion be filed within 30 days is substituted. The comment is, therefore, merely an imprecise reference to the 30-day time requirement of section 2030.

*Richards* v. *Miller, supra,* 106 Cal.App.3d Supp. 13, does not aid plaintiff. It held that Code of Civil Procedure section 1013, subdivision (a), required that five days be added to the statutory notice time for the hearing of a discovery motion when the notice was given by mail, and that a hearing held on shorter notice did not result in a valid order. The original hearing date specified in defendants' notice herein was similarly premature, which apparently was the occasion for the interlineation of a later date before the notice of motion was accepted for filing. Nothing in *Richards,* however, supports Karz' contention that inadequate notice cannot be remedied by continuing the hearing at which the opponent appears and contests the motion on the merits. Under such circumstances, this Division upheld the resulting order in *Shields* v. *Shields* (1942) 55 Cal.App.2d 579, 584 [130 P.2d 982].

We conclude, therefore, that defendants' motion to compel further answers was timely. Consequently, it is unnecessary to pass upon defendants' contention that Karz waived his right to question the order requiring further answers by filing his further answers in purported compliance therewith.

*Abuse of Discretion Not Shown*

■  The award of discovery sanctions is a matter within the trial court's discretion. In attacking such order, Karz has the burden of establishing an abuse of discretion. (*Weinkauf* v. *Superior Court* (1966) 64 Cal.2d 662, 665 [51 Cal.Rptr. 100]; *Cornwall* v. *Santa Monica Dairy Co.* (1977) 66 Cal. App.3d 250, 253 [135 Cal.Rptr. 761]; *Snyder* v. *Superior Court* (1970) 9 Cal. App.3d 579, 586 [89 Cal.Rptr. 534].)

The discovery order in this case, though not in form the "ultimate sanction" of default or dismissal, has the effect of precluding Karz from proving essential elements of each of his causes of action. Proof of performance on plaintiff's part is an essential element of a contract claim; proof of misrepresentations is essential to any fraud claim; and proof of value of the property is an essential element of a conversion claim. Karz is, therefore, justified in referring to the order as imposing a sanction "amounting to outright dismissal of his action," and in referring to authorities which characterize such an order as "a drastic penalty which should be sparingly used." (*Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520, 523 [94 Cal.Rptr. 85].) ■  As stated in *Morgan* v. *Ransom* (1979) 95 Cal.App.3d 664, 670 [157 Cal.Rptr. 212]: "The sanction of peremptory dismissal, without consideration of the merits, is fundamentally unjust unless the conduct of a plaintiff is such that the delinquency interferes with the court's mission of seeking truth and justice."

But it has long been recognized that a wilful failure to obey an order requiring further answers to interrogatories, by filing evasive and incomplete further answers, can justify the sanction of dismissal. The authorities are summarized

in *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at pages 795-796: "A dismissal or default judgment may also be entered where evasive and incomplete answers are filed after a motion to compel has been granted. (Code Civ. Proc., § 2034, subd. (b)(2)(iii). E.g. *Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805 [123 Cal.Rptr. 83] (A motion to compel was granted within a six-month period. The claimant was given two additional opportunities to file proper answers. Although the questions went to the heart of the claim, the answers were incomplete and evasive, and the claimant also failed to pay the attorneys fees previously ordered); *Stein* v. *Hassen, supra,* [34 Cal.App.3d 294], (the court found the answers were evasive and that the refusal was without substantial justification. The defendant disobeyed two orders directing answers and orders requiring attorney fees, and his default was entered. The reviewing court found the answers were evasive, and that the defendant had displayed an arrogant insolent attitude toward the judicial process); *Petersen* v. *City of Vallejo, supra,* [1968] 259 Cal.App.2d 757, 777-784 [66 Cal.Rptr. 776] (despite the fact that motions to compel were granted three times, the plaintiff refused to state how road markings had created a dangerous condition).) [Fn. omitted.]"

■ Of course, the ultimate sanction is not automatically imposed for every such disobedience of a discovery order. As *Deyo* further observed: "[T]he court must examine the entire record in determining whether the ultimate sanction should be imposed." (*Id.,* at p. 796.) "[E]ach case must be decided on its own facts and, while lesser sanctions are normally imposed, the ultimate sanction is permissible where the litigant persists in refusing to comply with his discovery obligations." (*Id.,* at p. 797.) The opinion in *Deyo* also points out "a variety of factors [which] may be relevant" (*id.,* at p. 796), including the difficulty in the opposing party obtaining the information, materiality of the questions to a particular claim or defense, the good faith of the answering party and the appropriateness of a lesser sanction.

■ The trial court herein found that "plaintiff willfully failed to make discovery and failed to follow the Court's Discovery Order of December 27, 1979," and that good cause appeared for making the order precluding proof of the matters covered by the interrogatories not adequately answered.

In attacking this exercise of discretion, Karz has not attempted to justify the sufficiency of his answers. In their brief, defendants have stated that "[p]laintiff's answers to interrogatories were blatantly evasive, incomplete and inadequate" and has backed this assertion with detailed analysis of the questions and the successive answers. In addition, defendants' brief points out "[t]he specific interrogatories and answers are not, interestingly enough, discussed in Plaintiff's Opening Brief," and that "[a]*t no time in his Opening Brief does Plaintiff ever contend that his answers were adequate or that they were made in 'good faith.'* " (Italics in original.) Though a reply brief was filed by Karz, no attempt

is made therein to remedy this omission. Defendants' assertions in this respect remain unanswered, except insofar as Karz' opening brief states: "The factor of good faith also mitigates in plaintiff's favor. The record clearly shows that the plaintiff believed defendants had not timely sought to compel further answers to their interrogatories (see Argument I, above) and that by virtue of defendants' prior bad faith in avoiding discovery such as the deposition of Ms. Reynolds, plaintiff would be providing discovery as a 'one-way street' if he acceded to defendants' demands for further answers."

Such, however, is not the good faith which negates the propriety of the ultimate sanction. Karz is not claiming a good-faith belief that the answers were adequate. He suggests, rather, a deliberate withholding of adequate answers so as to present the issue of waiver by an appeal. Certainly, Karz had the option to so present that issue but, like the plaintiff who declines to amend after demurrer sustained, he cannot expect a further opportunity to make adequate discovery if his position is not upheld in this court. (See, e.g., *Frace* v. *Long Beach etc. Sch. Dist.* (1943) 58 Cal.App.2d 566, 568 [137 P.2d 60], where the court said: "Since plaintiff declined to amend his complaint, we do not consider the possibility that any defects in it could be cured by amendment, . . .")

Neither can we accept Karz' contention that his wilful disobedience to the court order could be justified by his judgment that in view of Reynolds' "prior bad faith in avoiding discovery" further answers on his part would make a "'one-way street'" of discovery. Reynolds had complied with the court's order that she give her deposition and with knowledge of her discovery performance the court had ordered Karz to make further answers. He was not at liberty to overrule the court's order. The court's finding, therefore, that Karz wilfully failed to obey the discovery order is amply supported by the record.

Karz also argues that the information sought by the interrogatories was not "difficult" for defendants to obtain nor significant to the defense, as evidenced by defendants' omission to seek it until after the September 17, 1979, continuance. This argument overlooks the function of discovery in defense strategy. An important aspect of legitimate discovery from a defendant's point of view is the ascertainment, in advance of trial, of the specific components of plaintiff's case so that appropriate preparations can be made to meet them. It is impossible to discover this other than from the plaintiff. To be useful, such discovery should be conducted as late as possible in the preparation of the case so that it will reflect plaintiff's final choice of the evidence to be presented. Confronted with an estimated 30-day trial set for April 14, 1980, defendants legitimately sought, through their interrogatories filed in September 1979, to discover the details of the case they would be called upon to meet. Karz did not object to their interrogatories but chose, instead, to provide inadequate answers. When ordered in December 1979 to provide further answers, Karz

withheld compliance without any stay of the order for almost two weeks past the thirty-day period allowed and then filed further responses which were likewise evasive and inadequate. At the time the motion for sanctions was submitted, defendants still had no meaningful answers to the interrogatories and the trial date was less than two weeks away. Under such circumstances, the trial court did not abuse its discretion in concluding that Karz' wilful disobedience of the order for further answers was a "delinquency [which] interferes with the court's mission of seeking truth and justice." (*Morgan* v. *Ransom, supra,* 95 Cal.App.3d at p. 670.)

Karz' suggestion that lesser sanctions would have sufficed is unpersuasive. The alternative of considering individual objections to each element of Karz' case as presented, so as to exclude evidence not reasonably disclosed, would have involved the trial court in innumerable and interminable interruptions of the presentation of evidence and would have given defendants no opportunity to narrow their preparations and concentrate their effort on the significant issues.

Finally, Karz' argument that the court erred in correcting its sanction order retroactively to disregard his last set of answers is unsupported by the record. In the absence of a reporter's transcript of the hearing, the only record is that the April 3 minute order did not correctly reflect the court's order. The April 11 minute order states that it constituted "clerical error" which, of course, means that the minute order did not reflect the order directed by the court. Code of Civil Procedure section 473 expressly authorizes the correction of such minute orders "so as to conform to the judgment or order directed." It is, moreover, apparent that the April 3 minute order was in fact a clerical error, for it would be totally inconsistent for the court to preclude Karz from making proof of matters as to which he was ordered to provide further answers. Karz was not, in any event, entitled to act upon the basis of a minute order which specifically provided for "[m]oving party to prepare the order and send notice." An order signed by the court was intended before it should become effective. There was, therefore, no order of the court with which Karz could comply and no error in disregarding Karz' purported compliance.

The judgment is affirmed.

Lui, J., and Danielson, J., concurred.

A petition for a rehearing was denied December 16, 1982, and appellant's petition for a hearing by the Supreme Court was denied January 19, 1983. Kaus, J., did not participate therein.