Filed 4/6/21  Peoples Consumer Protection Services v. Bank of America, N.A. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PEOPLES CONSUMER PROTECTION SERVICES, | F082269 |
| Plaintiff and Appellant, | (Super. Ct. No. CV-20-004085) |
| v. | |
| BANK OF AMERICA, N.A. et al., | **OPINION** |
| Defendants and Respondents. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Stacy Speiller, Judge.

Kimbly Arnold, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendants and Respondents.

-ooOoo-

Plaintiff Kimbly Arnold, doing business as Peoples Consumer Protection Services, filed a verified complaint against defendant Bank of America and one of its tellers, alleging discrimination in violation of the Unruh Civil Rights Act.  Bank of America's

[*]      Before Poochigian, Acting P.J., Franson, J. and Snauffer, J.

answer to the complaint alleged that Arnold "became irate and accused [its teller] of discrimination" after the teller began the process of verifying Arnold's identity in connection with Arnold's request to deposit a check. Arnold filed a motion to strike this and other allegations in the answer. The trial court denied the motion to strike. Arnold appealed.

We conclude the order denying the motion to strike parts of defendants' answer is not an appealable order. (See Code Civ. Proc., § 904.1, subd. (a).)[1] As explained below, we further conclude that the denial of the motion to strike does not present unusual or extraordinary circumstances of the type that justify exercising our discretionary authority to treat an appeal from a nonappealable order as a petition for writ of mandate.

We therefore dismiss the appeal.

### BACKGROUND

On June 15, 2020, Arnold had difficulty depositing a check at a branch of Bank of America, N.A. located in Modesto. Defendant Susy Vega was the teller who initially handled Arnold's transaction. The interaction between Arnold and Vega is the subject of this lawsuit.[2]

In September 2020, Arnold filed a verified complaint against Bank of America and Vega (collectively, defendants), alleging discrimination in violation of the Unruh

---

[1] Unlabeled statutory references are to the Code of Civil Procedure.

[2] Whether Bank of America has adopted an internal Customer Identification Program or a know-your-customer policy and whether Vega's requests for information complied with any such program or policy is beyond the scope of this opinion. (See 31 C.F.R. § 1020.220 [customer identification program requirements for banks]; May et al., *Financial Institutions Fraud* (2020) 57 Am. Crim. L. Rev. 787, 816–817; see generally, Wilson, *Banking Industry Standards Relevant to Coverage and Recoveries Under the Revised Uniform Commercial Code* (1999) 5 Fidelity L.J. 79, 92 [federally insured banks are encouraged "to have a 'Know Your Customer' policy that sets forth specific procedures that tellers should follow to avoid check fraud losses"].) These issues may be addressed in the discovery phase of this litigation.

2.

Civil Rights Act. In November, defendants filed an answer to the complaint, denying many of the allegations and asserting nine affirmative defenses. Paragraph 20 of the answer asserted:

> "On or about June 15, 2020, [Arnold] visited the Bank of America branch in Modesto. [Arnold] approached Vega at the teller counter and asked to deposit a check. Following standard procedure, Vega began the process of verifying [Arnold's] identify. Almost immediately, [Arnold] became irate and accused Vega of discrimination. Vega asker the branch manager to speak with [Arnold] and address her concerns. [Arnold] repeated her accusations of racial discrimination to the branch manager and left the branch shortly thereafter. Before [Arnold] left, she completed her check deposit."

In December 2020, Arnold filed a motion to strike paragraphs 1, 7, 10, and 20 of the answer along with the second through ninth affirmative defenses. Defendants filed an opposition, arguing (1) the motion to strike was moot because Arnold had filed a first amended complaint, (2) their answer was not irrelevant or false and did not include improper statements (§ 436, subd. (a)), and (3) their specific denials and responses supported their affirmative defenses. Arnold filed a reply.

The trial court denied the motion to strike. The contents of the court's minute order are described in part I.A. of this opinion. Arnold filed a timely notice of appeal.

On February 4, 2021, defendants filed a motion to dismiss Arnold's appeal on the ground it was taken from a nonappealable order. Arnold filed an opposition to the motion to dismiss.

## DISCUSSION

I.     NONAPPEALABE ORDER

A.     Trial Court's Order

The trial court's January 14, 2021 minute order stated defendants' affirmative defense were sufficiently pleaded and were not subject to being stricken. The court also stated:

"Finally, the argument that Defendants' affirmative defenses are not true is not an appropriate claim for this stage of the proceedings, when the Court, is required to accept the allegations of the challenged pleading as true, except insofar as they are obviously untrue on their face or as demonstrated by facts of which the Court may take judicial notice."

The minute order described the motion as "Plaintiff's Motion to Strike Pursuant to CCP 575.2 and CCP 435; and 435; 437."[3] The order confirmed the trial court's tentative ruling and denied Arnold's motion to strike.

B.    Legal Principles

1.    *Statutes Governing Motions to Strike*

Section 435, subdivision (b)(1) provides that any party, within specified time constrains, may serve and file a notice of motion and motion to strike the whole of any part of a pleading. An answer, such as the one filed by defendants in this case, qualifies as a "pleading" under the definition set forth in section 435, subdivision (a)(2).

The pleading contents that may be stricken are described in section 436, which provides in full: "The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper: [¶] (a) Strike out any irrelevant, false, or improper matter inserted in any pleading. [¶] (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

The scope of matters that may be considered in evaluating the merits of a motion to strike all or part of a pleading is addressed in section 437, subdivision (a), which states:

---

**3**    Reading the minute order as a whole, the double reference to section 435 and the omission of section 436 is simply a typographical error. The second reference to section 435 was intended to refer to section 436. Thus, we reject Arnold's interpretation, which asserts the trial court "neglected to hear CCP §§436" and "overlooked ruling on CCP § 436(b)(1)." Furthermore, the typo does not constitute a miscarriage of justice for purposes of California's constitutional doctrine of reversible error. (Cal. Const., art. VI, § 13.)

Section 575.2 authorizes motions to "strike out all or any part of any pleading" of a party who fails to comply with certain local rules. (§ 575.2, subd. (a).)

"The grounds for a motion to strike shall appear on the face of the challenged pleading or from any matter of which the court is required to take judicial notice."

### 2. Appealability

Generally, "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) "A trial court's order is appealable when it is made so by statute." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Section 904.1 makes certain types of orders made appealable. (§ 904.1, subds. (a)(2)–(14).) These provisions do not mention a motion to strike brought under sections 435 and 436.[4]

In *Swain v. Burnette* (1888) 76 Cal. 299 (*Swain*), our Supreme Court stated an order on a motion to strike "is not mentioned among the interlocutory orders which the statute makes the subject of an appeal. Hence it is not itself appealable. It can be reviewed, however, upon appeal from the judgment, as an intermediate order which involves the merits or necessarily affects the judgment." (*Id.* at p. 302.) These conclusions about an order deciding a motion to strike still apply today because orders granting or denying motions to strike have not been added to the interlocutory orders made appealable by statute. (See § 904.1, subd. (a).)

Defendants' motion to dismiss the appeal relies on *Richards v. Miller* (1980) 106 Cal.App.3d Supp. 13 (*Richards*). In that case, the court stated: "An order granting or denying a motion to strike a pleading or part thereof is a nonappealable order." (*Id.* at p. 14, fn. 1.) It also stated: "Review on appeal from a final judgment is, however, the proper method of review of nonappealable orders." (*Ibid.*)

---

[4]    In contrast, "an order granting or denying a special motion to strike under Section 425.16" is an interlocutory order made appealable by section 904.1, subdivision (a)(13).

Arnold has cited no statute, decision or secondary authority stating that an order denying a motion to strike is an appealable order. Furthermore, she did not acknowledge the rule of law stated in *Richards*. Based on our independent research, we conclude the principles stated in *Richards* and *Swain* accurately reflect the rules of California law that define whether an order denying a motion to strike parts of an answer is an appealable order. Under those principles, the trial court's order denying Arnold's motion is not appealable. Because "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal,' " (*In re Mario C.*, *supra*, 124 Cal.App.4th at p. 1307), we are compelled to dismiss this appeal, unless an exception applies.

## II.     REQUEST FOR WRIT OF MANDATE

A possible exception is identified in Arnold's opposition to the motion to dismiss. Arnold contends appellate courts have the discretion, in certain situations, to treat an appeal from a nonappealable order as a petition for writ of mandate. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [the "power to treat a purported appeal as a petition for writ of mandate ... should not [be] exercise[d] ... except under unusual circumstances"].) The Fifth District has applied this exception, stating that "in unusual circumstances, a writ of mandate may issue where the [trial] court exercised its discretion and that discretion reasonably could be exercised in only one way." (*City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 586.)

Arnold's opposition papers do not explicitly identify the circumstances that make her case unusual or extraordinary. "It is appropriate to treat an appeal from a nonappealable judgment as a petition for extraordinary writ when requiring the parties to wait for entry of final judgment might lead to unnecessary trial proceedings, the briefs and the record include the necessary elements for a writ of mandate, there is no indication the trial court would appear as a party in the writ proceeding, the appealability of the

6.

order was not clear, and all parties urge the court to decide the issue rather than dismiss the appeal." (*Truman v. Superior Court* (2017) 17 Cal.App.5th 969, 979; see *Olson v. Cory*, *supra*, 35 Cal.3d at pp. 400–401.)

Based on our review of the motion to dismiss, the opposition, and the exhibits, we conclude extraordinary circumstances are not present in this case. The nonappealability of the order is clear, defendants urge us to dismiss the appeal, and there is little, if any, efficiency to be gained by the judicial system if we treat this appeal as a writ petition and reach the merits of the motion to strike. Accordingly, we will not exercise our discretionary authority and treat this appeal as a petition for writ of mandate. " 'Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders.' " (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42, disapproved of on another ground in *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 6.)

**DISPOSITION**

The appeal from the January 14, 2021 order denying Arnold's motion to strike is dismissed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2) [prevailing party is respondent if the Court of Appeal dismisses the appeal].)