**ADVIDEO, INC., a corporation, d/b/a Adventures International, Plaintiff,**

v.

**KIMEL BROADCAST GROUP, INC., a corporation, and Does 1–20, inclusive, Defendants.**

**No. C–89–3046 DLJ ENE.**

United States District Court, N.D. California.

Nov. 27, 1989.

Jeffrey G. Gibson and Stephen Goldstein,
with Goldstein & Gellman, San Francisco,
Cal., for plaintiff.

Terence L. Bruiniers, with Farrand Cooper & Bruiniers, San Francisco, Cal., for defendants.

## ORDER

JENSEN, District Judge.

On November 8, 1989, defendant's motion to dismiss for lack of jurisdiction and for improper venue came before the Court. Jeffrey G. Gibson and Stephen Goldstein appeared for plaintiff. Terence L. Bruiniers appeared for defendant. For all the following reasons, this Court DENIES defendant's motions.

### I.

This is an action for copyright infringement and breach of contract brought by AdVideo, Inc., a California corporation, against Kimel Broadcast Group, a small, closely held Vermont corporation that does not regularly conduct business in California. The lawsuit arises from a contract for the one-time purchase by defendant of plaintiff's video tapes and workbooks for educating defendant's sales staff. The contract, which was negotiated and signed through the mails in March 1988, expressly states that legal disputes arising from the contract will be resolved in accordance with California law. Plaintiff alleges that defendant breached the contract and infringed on its federal copyright by using the sales materials, without authorization, in defendant's radio station facility located in Saratoga Springs, New York.

Defendant moves this Court to dismiss plaintiff's complaint for lack of personal jurisdiction. Defendant additionally moves for dismissal based on improper venue, or alternatively for transfer of the case to the Northern District of New York under 28 U.S.C. § 1404(a). Defendant further requests sanctions against plaintiff for allegedly seeking to extort a settlement of this litigation from defendant by filing in California.

### II.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant seeks dismissal of this action for lack of personal jurisdiction. In deciding whether or not defendant is subject to personal jurisdiction in this district, this Court must determine, as a threshold matter, if California state law permits service of the non-resident defendant. *Hunt v. Erie Ins. Group,* 728 F.2d 1244, 1246 (9th Cir.1984). California's long-arm statute authorizes courts in this state to exercise jurisdiction "on any basis not inconsistent with the Constitution ... of the United States." Cal.Code Civ.Proc. § 410.10. *See Haisten v. Grass Valley Medical Reimbursement Fund,* 784 F.2d 1392, 1396 (9th Cir.1986). Accordingly, in California the state and federal standards for exercising personal jurisdiction are equivalent.

The Due Process Clause of the United States Constitution permits the exercise of jurisdiction over a defendant who has "certain minimum contacts with [the forum state] ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). Whether a court may exercise jurisdiction depends upon "the relationship among the defendant, the forum, and the litigation." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ The exercise of personal jurisdiction over a defendant in litigation arising out of or related to the defendant's contacts with the forum is often referred to as "specific jurisdiction." *See Helicopteros, supra,* 466 U.S. at 414, 104 S.Ct. at 1873 n. 8. This Court may only exercise specific jurisdiction when the following three-part test is satisfied: (1) the defendant performs some act or conducts some transaction within the forum state whereby he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its

laws; (2) the claim arises out of those forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–74, 105 S.Ct. 2174, 2182–83, 85 L.Ed.2d 528 (1985); *Haisten, supra,* 784 F.2d at 1397.

■ An individual purposefully avails himself of the benefits and protections of a state's laws when his conduct is such that he should reasonably anticipate being haled into court there. *Burger King, supra,* 471 U.S. at 474, 105 S.Ct. at 2183. Purposeful availment occurs when a defendant deliberately engages in significant activities within the forum state, or creates continuing obligations between himself and residents of that state. *Id.,* citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). Isolated contacts, an attenuated affiliation, or the unilateral activity of another party in the forum state is insufficient. *Burger King, supra,* 471 U.S. at 475, 105 S.Ct. at 2183.

■ A commercial actor need not physically enter the forum state to purposefully avail himself of the privilege of conducting business there. "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communication across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.,* 471 U.S. at 476, 105 S.Ct. at 2184. Personal jurisdiction exists, despite the absence of a commercial actor's presence in the forum state, if he has created continuing relationships and obligations with the citizens of the state, or has directed activity deliberately toward that state, aware that its effects will be felt there. *Id.* at 475–76, 105 S.Ct. at 2183–84. *See also Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984); *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 222–23, 78 S.Ct. 199, 200–01, 2 L.Ed.2d 223 (1957). "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct.

1026, 1033, 94 L.Ed.2d 92 (1987) (plurality opinion).

■ Whether the exercise of jurisdiction is reasonable depends upon the evaluation of several factors. When these factors clearly establish the reasonableness of the exercise of jurisdiction, jurisdiction may be based upon a lesser showing of minimum contacts. *Burger King, supra,* 471 U.S. at 477, 105 S.Ct. at 2184. The factors to be considered include: (1) the burden on defendant; (2) the interests of the forum state in adjudicating the dispute; (3) plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.; Asahi Metal Industry, supra,* 107 S.Ct. at 1034.

■ In this case, defendant's contacts with California are limited to the negotiation and signing of a single contract with plaintiff, a California corporation. The mere signing of a contract with an out-of-state party does not confer jurisdiction in that party's home state. *Burger King, supra,* 471 U.S. at 478–79, 105 S.Ct. 2174, 2185; *FDIC v. British American Ins. Co., Ltd.,* 828 F.2d 1439 (9th Cir.1987). However, the contract signed by defendant expressly stated that legal disputes arising from the contract would be resolved in accordance with California law. Although a governing law provision standing alone is not sufficient to confer jurisdiction, the Supreme Court has ruled that "a choice-of-law provision should [not] be ignored in considering whether a defendant has 'purposefully invoked the benefits and protections of a State's laws' for jurisdictional purposes." *Burger King, supra,* 471 U.S. at 482, 105 S.Ct. at 2187 (holding that exercising jurisdiction over party did not offend due process where party entered into contract expressly providing that forum state's laws would govern disputes).

This Court is of the opinion that defendant purposefully availed itself of the benefits and protections of California's laws. Defendant knew it was transacting busi-

ness with a California corporation. The purchase agreement it signed with plaintiff clearly stated on the cover page that the contract was governed by California law. Defendant negotiated the modification of other terms in the contract that plaintiff initially proposed. In the event plaintiff had in some manner breached the agreement, defendant would have been entitled to the protection and benefits afforded by California law. Based on defendant's deliberate affiliation with California, the negotiations it conducted with plaintiff regarding the contractual terms, and the clearly stated governing law provision in the final contract, defendant had reason to anticipate being haled into court in California. Accordingly, this Court finds that defendant purposefully availed itself of the privilege of conducting business in California, thereby invoking the benefits and protections of its laws.

■ On the facts of this case there can be little dispute that plaintiff's claim arises from defendant's forum-related activities, namely defendant's alleged breach of its contract with a California corporation. In addition, this Court's exercise of jurisdiction over defendant is reasonable and fair. Once it is determined that defendant purposely availed itself of the benefits of California's laws, this Court's exercise of jurisdiction over defendant is presumptively reasonable. "In order to rebut that presumption, the defendant 'must present a compelling case' that jurisdiction would, in fact, be unreasonable." *Corporate Investment Business Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir.1987), quoting *Burger King, supra,* 471 U.S. at 476–77, 105 S.Ct. at 2184–85.

Defendant has presented no such compelling case. Defendant is admittedly a small, closely held Vermont corporation. However, this case is not complex and therefore litigating in California will not impose an undue burden on defendant. In addition, the State of California has a strong interest in seeing that its residents are provided an effective means of redress when deprived the benefits of their contractual bargains. *See Melcher, supra,* 824 F.2d at 791; *Brit-*

*ish–American Ins. Co., supra,* 828 F.2d at 1444. Although plaintiff's copyright infringement claim could be brought in any federal district court, the breach of contract claim is based upon California law. Because defendant does not contest the validity of plaintiff's copyright, the focus of this case is a contractual dispute governed by California law. It thus follows that this Court can provide the most efficient judicial resolution of the controversy.

Accordingly, this Court finds no violation of traditional notions of fair play and substantial justice in exercising jurisdiction over defendant. Defendant's motion to dismiss for lack of jurisdiction is DENIED.

### III.

■ Defendant also seeks dismissal of this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). As this case is a copyright action, venue considerations are defined by 28 U.S.C. § 1400. "Civil actions ... arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). For purposes of this statute, a defendant is "found" wherever personal jurisdiction over him is proper. *Microsoft Corp. v. Very Competitive Computer Prods. Corp.,* 671 F.Supp. 1250, 1256 (N.D.Cal. 1987); *Battlecreek Equip. Co. v. Roberts Mfg. Co.,* 460 F.Supp. 18 (E.D.Mich.1978). Because this Court holds that personal jurisdiction exists over defendant, venue is proper in this district.

### IV.

■ Title 28 of the United States Code provides:

For the convenience of parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Pursuant to this authority, defendant asks this Court to transfer plaintiff's action to the Federal District Court for the Northern District of New York.

Whether or not to transfer venue is vested in this Court's discretion. The decision involves an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988), quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945. In order to grant defendant's motion to transfer venue, this Court must make two findings. First, the Court must determine that the transferee court is one where the action "might have been brought." Second, the "convenience of the parties and witnesses" must favor a transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir.1985).

In this case there is no dispute that plaintiff could have properly commenced this action in the Northern District of New York. The issue is thus narrowed to the convenience of the parties and witnesses.

Defendant argues that the alleged copyright infringement and breach of contract occurred in Saratoga Springs, New York, which for federal jurisdictional purposes falls within the Northern District of New York. Most of the prospective witnesses for this case are therefore radio station personnel who work in Saratoga Springs and their supervisors who are based in Vermont. In addition, as a small business with only local operations, defendant asserts it simply cannot afford to incur the costs of litigating in California.

This Court is not insensitive to the burden imposed on defendant by litigating in California. Nevertheless, plaintiff might face an equivalent burden if forced to litigate in New York. Prospective witnesses in this case also include plaintiff's California-based employees: those who negotiated the contract with defendant, those who uncovered the alleged unauthorized use of its materials, and those who are familiar with the copyright issues presented by this case. Furthermore, litigating in New York would impose a financial hardship on plaintiff.

At this early stage of the litigation it is difficult to foresee where the relative burdens will fall regarding venue in this case. Normally, however, plaintiff is entitled to the choice of forum and defendant bears the burden of justifying a transfer.

After considering the convenience and fairness to the parties of litigating this case in California and elsewhere, this Court DENIES defendant's motion to transfer venue to the Northern District of New York.

## V.

Pursuant to Federal Rule of Civil Procedure 11 and 17 U.S.C. § 505, defendant seeks costs, disbursements and attorney's fees for plaintiff's deliberate and willful institution of this suit in the Northern District of California, despite plaintiff's alleged knowledge that defendant has no minimum contacts with the State. On the basis of its finding that defendant has minimum contacts with California, this Court DENIES defendant's motion for sanctions.

## VI.

For all the foregoing reasons, this Court ORDERS the following: (1) defendant's motion to dismiss for lack of jurisdiction is DENIED; (2) defendant's motion to dismiss for improper venue is DENIED; (3) defendant's motion for transfer to the Northern District of New York is DENIED; and (4) defendant's motion for sanctions is DENIED.

In addition, this Court VACATES the status conference scheduled for November 29, 1989, and SETS a status conference for January 10, 1990.

IT IS SO ORDERED.