COLT STUDIO, INC., a California corporation, Plaintiff,

v.

BADPUPPY ENTERPRISE, William Pinyon, Steven A. Wojcik, and Does 1–10, inclusive, Defendants.

No. CV–99–3990LGB (AJWX).

United States District Court, C.D. California.

Nov. 5, 1999.

Hal L. Bodner, Hal L. Bodner Law Offices, Los Angeles, CA, Plaintiff.

Marc P. Ossinsky, Winter Park, FL, Bruce K. McMahon, Leonard S. Levy, Encino, CA, for Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

BAIRD, District Judge.

## I. INTRODUCTION

This case arises from the alleged use of plaintiff's copyrighted photographs of male nudes by defendants Badpuppy, its President Pinyon, and its Director Wojcik (collectively "defendants") on Badpuppy's Internet site. Defendants moved for dismissal claiming that this Court did not have personal jurisdiction over any of the named defendants. Furthermore, the defendants moved for an order dismissing the action for improper venue. Finally, and in the alternative, defendants moved for an order to transfer the action for convenience. For the following reasons, this Court grants the motion in part and denies it in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Colt is a California company that creates, publishes, and distributes artistic photographic images to the general public for profit. See Pl.'s First Am.Compl. at 3. Defendants are the operators of the website with the domain name "badpuppy.com." See Pinyon Decl. at 2. Badpuppy generates revenues through the sale of membership subscriptions. See id. at 2. In exchange for a $10 monthly fee, membership in Badpuppy allows the subscriber to access "member-only" areas on the website. See id. Out of Badpuppy's 17,000 worldwide subscribers, 2,100 are California residents. See id. Defendant Pinyon has been President and Director of Badpuppy since its inception in 1995 until the present date. See id. at 1. Defendant Wojcik has been the Secretary, Treasurer, and Director of Badpuppy since its inception in 1995 until the present date. See Wojcik Decl. at 1. At issue in this case is Colt's allegation that defendants have continually violated Colt's Trademark and Copyrights by publishing Colt's works on defendants' website.

Colt further alleges that defendants breached a contract which resulted from a settlement between the parties. Allegedly, Badpuppy had agreed to pay $2,500 to Colt and to remove infringing photos from its website for past violations of Colt's copyrights. Colt alleges that defendants

have breached this agreement by not removing the images from the website.

The operative complaint alleges claims for: (1) Copyright Infringement; (2) Intentional Copyright Infringement; (3) Federal Unfair Competition; (4) Federal Trademark Dilution; (5) State Statutory Unfair Competition; (6) State Common Law Unfair Competition; (7) State Trademark Dilution; (8) Breach of Contract; and (9) RICO.

On July 20, 1999, defendants Badpuppy, Wojcik, and Pinyon moved for dismissal claiming that the Court does not have personal jurisdiction over any of the named defendants. Furthermore, the defendants moved for an order dismissing the action for improper venue. Finally, and in the alternative, defendants moved for an order to transfer the action for convenience. The Court took these motions under submission and found that the parties had not submitted sufficient evidence for the Court to make a determination as to personal jurisdiction. As such, the Court ordered the parties to conduct limited discovery so as to provide the Court with such evidence. See September 8, 1999 Order. On September 14, 1999, defendants filed declarations of two of the individual defendants and asked the Court to vacate its previous order if the two aforementioned declarations were sufficient to permit the Court to make a determination as to personal jurisdiction. On October 12, 1999, the Court vacated its September 8, 1999 order by minute order and again took the motions under submission.[1]

## III. PERSONAL JURISDICTION

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a court may dismiss a motion for "lack of jurisdiction over the person." Fed.R.Civ.P 12(b)(2). Although the defendant is the moving party in a motion to dismiss, plaintiff is the party that invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. See Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir.1984). When defendant's motion to dismiss is made as its initial response, plaintiff only needs to make a prima facie showing that personal jurisdiction exists. See Data Disc., Inc. v. Sys. Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that plaintiffs has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See WNS, Inc. v. Farrow, 884 F.2d 200, 203–04 (5th Cir.1989).

## A. TRADITIONAL PERSONAL JURISDICTION ANALYSIS

California Code of Civil Procedure, Section 410.10 grants "[a] court of this state ... jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Civ.Proc.Code § 410.10 (West 1998). The effect of this statute is to allow state courts, as well as federal courts, to exercise personal jurisdiction on any basis allowable under the State and United States Constitutions. See Rocke v. Canadian Auto. Sport Club, 660 F.2d 395, 398 (9th Cir.1981).

Absent one of the traditional bases for jurisdiction—in-state presence, domicile, or consent—the Constitution requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The purpose of

---

1. After the Court vacated its September 8, 1999 order, plaintiff sought to amend the declaration of Jim French, which was found to be insufficient by the Court. Plaintiff filed its ex parte application on October 15, 1999. Defendants opposed the application claiming that the amended declaration did not cure the defects previously found in the original one. Because the Court bases this order solely on defendants' declarations, resolution of that dispute is unnecessary.

the minimum contacts requirement is to protect the defendant against the burdens of litigating in a distant or inconvenient forum, and to ensure that states do not reach out beyond the limits of their sovereignty imposed by their status in a federal system. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

■ If a defendant is domiciled in the forum state, or its activities there are "substantial, continuous and systematic," a federal court may exercise jurisdiction as to any cause of action, even if unrelated to the defendant's activities within the state. *See Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952). This form of personal jurisdiction is known as general jurisdiction. *See id.* However, even if a nonresident defendant's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, it may still be subject to jurisdiction on claims related to its activities or contacts there. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This form of personal jurisdiction is known as limited jurisdiction. *See id.* The Ninth Circuit applies a three part test to determine if a defendant's activities are sufficiently related to the forum state to establish limited personal jurisdiction:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or results from the defendant's forum-related activities; and

(3) exercise of jurisdiction must be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir.1995).

## B. PERSONAL · JURISDICTION OVER THE INTERNET

■ The Courts have not had many opportunities to address the issue of personal jurisdiction as it relates to what is now commonly called e-commerce.[2] However, this Court's review of the available cases reveals that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet. *See Zippo Manufacturing Company v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (E.D.Pa.1997). In that respect, the dilemma this Court faces today is not much different that the dilemma courts faced 50 years ago when the application of a then rigid personal jurisdiction standard was at odds with what was then considered a recent trend in the way companies did business: interstate commerce. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co.,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Muck like the courts did in the 1940's and 1950's, the courts today have evaluated personal jurisdiction problems associated with e-commerce by using a sliding scale approach. On one end are cases where the defendants' activities are passive, and merely exemplify the use of the Internet as a global bulletin board. *See Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414 (9th Cir.1997) (holding that personal jurisdiction was improper as to a defendant who had no contact with the forum other than maintaining a web page accessible to anyone over the Internet); *Bensusan Restaurant Corp. v. King,* 937 F.Supp. 295 (S.D.N.Y.1996), *aff'd,* 126 F.3d 25 (2d Cir.1997) (holding that personal jurisdiction was improper as to a defendant who merely posted information on its Web page). On the other end are cases where the interaction between the defendant and the foreign state resembles a more tradi-

**2.** E–Commerce refers to business transactions conducted over the Internet.

tional business transaction. *See Compu-Serve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir.1996) (holding that knowingly entering into a contract with an Ohio resident and then deliberately and repeatedly transmitting files sufficed to uphold a finding of personal jurisdiction in Ohio); *Zippo*, 952 F.Supp. at 1124 (holding that the defendant, who had sold 3,000 subscriptions to Pennsylvania residents and entered into seven contracts with Internet access providers there was subject to personal jurisdiction in Pennsylvania); *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328 (E.D.Mo.1996) (holding that active solicitations and promotions designed to create a mailing list were sufficient to find personal jurisdiction).

## C. ANALYSIS

█ Plaintiff here argues that defendants are subject to limited jurisdiction in California.[3] To establish limited jurisdiction, plaintiff must show that (1) the non-resident defendants acted in a manner purposefully availing themselves of the privilege of conducting activities in the forum; (2) the causes of action arise out of the defendants' forum-related activities; and (3) the exercise of jurisdiction would be reasonable. *See Omeluk*, 52 F.3d at 270.

### 1. DEFENDANT BADPUPPY
#### a. PURPOSEFUL AVAILMENT.

█ The Ninth Circuit has held that the purposeful availment requirement is satisfied if a defendant has taken deliberate actions within the forum state or if he has created continuing obligations to forum residents. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995). Addressing the

issue of whether a defendant had created a "continuing obligation" to forum residents, but in the context of Internet transactions, the Western District of Pennsylvania held that "[i]f the defendant enters into contracts with residents of foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet computer network, personal jurisdiction over defendant is proper." *Zippo*, 952 F.Supp. at 1124.[4] Also addressing that particular issue, a Texas district court held that an on-line casino based out of California was subject to the personal jurisdiction of the Texas courts because the defendant "entered into contracts with the residents of various states knowing that it would receive commercial gain at the present time." *Thompson v. Handa–Lopez, Inc.*, 998 F.Supp. 738, 743–44 (W.D.Tex. 1998).[5] As such, the Texas court found that personal jurisdiction was proper.

This principle equally applies here. Defendant Badpuppy's business consists of selling membership subscriptions to individual consumers around the world. *See* Pinyon Decl. at 2. As discussed above, membership in Badpuppy allows the user to access member-only areas on Badpuppy's Internet site. *See id.* Badpuppy currently has approximately 17,000 subscribers worldwide, 2,100 of which reside in California. *See id.* As such, approximately twelve percent of its worldwide revenues are generated from selling subscriptions to California residents.

The sale of each subscription essentially involves an agreement between Badpuppy and a consumer. That agreement creates an obligation on both parties. Namely, Badpuppy must allow the consumer access

---

3. Plaintiffs do not argue that defendants' contacts with the state are so substantial, continuous, and systematic so as to render any of the defendants subject to general personal jurisdiction in this forum.

4. In that case, the court found that the exercise of personal jurisdiction in Pennsylvania over a California company was proper based on (1) the sale of 3,000 subscriptions to defendant's Internet service, which represented

two percent of its total sales, and (2) on agreements defendants had with seven Internet access providers in Pennsylvania. *See Zippo*, 952 F.Supp. at 1124.

5. Furthermore, the district court found defendant's argument that they "did not direct any of its advertising specifically towards Texas residents" unpersuasive. *Thompson*, 998 F.Supp. at 743–44.

on its website's member-only area, from which the consumer can view and download various male nude photos, and the consumer must pay his monthly dues. Every month, that agreement is renewed. In other words, there is a continuing contractual relationship between Badpuppy and each subscriber. These contractual relationships are such that Badpuppy has created for itself continuing obligations to a substantial number of California residents. As such Badpuppy has purposefully availed itself to this forum.

### b. FORUM RELATED ACTIVITIES.

Limited jurisdiction also requires the court to limit its jurisdiction to causes of action arising out of the nonresident's forum-related activities. The Ninth Circuit follows a "but for" test in determining whether the claim "arises out of" the nonresident's forum-related activities. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). As such, the determining factor is whether the plaintiff would not have suffered loss "but for" defendant's activities. *See id.*

This element is easily met here. The forum related activity at issue is the displaying of the copyrighted photos on defendant's website. The harm suffered is the violation of plaintiff's copyright. Therefore, but for the display of the photos, plaintiff's copyright interest in them would not have been infringed.

### c. REASONABLENESS.

To satisfy due process requirements, the Court's exercise of personal jurisdiction must be reasonable. *See Burger King*, 471 U.S. at 476, 105 S.Ct. 2174. Stated in other terms, personal jurisdiction must comport with "fair play and substantial justice." *Id.* at 476, 105 S.Ct. 2174. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core–Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1487 (9th Cir.1993). The Ninth Circuit considers seven factors when assess-

ing the reasonableness of jurisdiction: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.1998). No one factor is dispositive; a court must balance all seven. *See id.*

Applying these factors to the case at bar, the exercise of personal jurisdiction in this case is reasonable. First, the sale and monthly collection of subscription fees from 2,100 subscribers in California evidences substantial "purposeful interjection" on the part of defendants. Second, the inconvenience of defendants to litigate in California is not "so great so as to deprive [defendants] of due process." *See Panavision*, 141 F.3d at 1322 (stating that in this era of fax machines and discount air travel, requiring [defendants] to litigate in California is not constitutionally unreasonable). Third, the allegations in support of plaintiff's California state law claims and those in support of plaintiff's federal infringement claims require the same analysis. The federal analysis would be the same in either Florida (defendants' home state) or California. Thus, the exercise of jurisdiction in California does not implicate sovereignty concerns in Florida. Fourth, the brunt of the harm resulting from the infringement occurs in California, where the plaintiff resides, *see* First Am.Comp. at 1, and California "maintains a strong interest in providing an effective means for redress for its residents." *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir.1996). Fifth, the controversy will be most efficiently resolved if jurisdiction is found here. Otherwise, the case would have to be dismissed and plaintiff would have to re-file in Florida. This would take

time, cost money, and most importantly, it would not advance the resolution of this matter on the merits. Sixth, the importance of the forum to the plaintiff's interest in convenient and effective relief is apparent in this case, as plaintiff is a California resident. Finally, although there exists an alternate forum in Florida, that factor alone is insufficient to overcome the presumption of reasonableness established by the other six factors. Thus, the exercise of personal jurisdiction in this case is reasonable.

## 2. DEFENDANTS PINYON AND WOJCIK

The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well. *See Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Davis v. Metro Productions, Inc.,* 885 F.2d 515, 521 (9th Cir. 1989). For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals. *See Shearer v. Superior Court,* 70 Cal.App.3d 424, 430, 138 Cal.Rptr. 824 (1977). Implicit in this principle is the consideration that corporations are separate legal entities that cannot act on their own but must do so through their appointed representatives. *See Mihlon v. Superior Court,* 169 Cal.App.3d 703, 713, 215 Cal.Rptr. 442 (1985). Accordingly, acts performed by these individuals, in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction. *See id.*

However, plaintiff argues that the individual defendants are "alter egos" of the corporation, and as such, are also amenable to personal jurisdiction in this forum. If the corporation is the "alter ego" of the individual defendants so as to justify disregard of the corporate entity, then a finding of personal jurisdiction over the corporation will support a finding of personal jurisdiction over the individuals. *See Flynt Distrib. Co.,* 734 F.2d at 1393; *Sheard v. Superior Court,* 40 Cal.App.3d 207, 210, 114 Cal.Rptr. 743 (1974).

In order to prevail on an alter ego theory, plaintiff must make a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities of [Badpuppy and Pinyon and Wojcik] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Flynt,* 734 F.2d at 1393. In *Flynt,* the plaintiff made a prima facie showing of an alter ego relationship by submitting affidavits indicating that the two sole shareholders of several corporations had converted corporate assets for their own use, had dealt with the various corporations as if they were one, and had transferred assets among the corporations, leaving some of them undercapitalized. *See id.* at 1393–94.

Plaintiff makes no similar allegations here. The only allegations which would remotely support a finding of an alter ego relationship are found in the complaint, where plaintiff states that "Defendant Pinyon ... was the conscious, active, and dominant force behind the unlawful acts of Defendant Badpuppy in this district;" that "Defendant Wojcik ... was [also a] conscious, active, and dominant force behind the unlawful acts of Defendant Badpuppy;" and that "each defendant was the principal, agent, master servant, partner, or joint venturer with each and every other defendant, and was at all times herein acting pursuant to such agency." *See* First Am.Comp. at 2, 4–5. These allegations are insufficient to establish a prima facie showing that an alter ego relationship existed between the individual defendants and the corporation.

Therefore, plaintiff must rely solely on the minimum contacts doctrine to establish personal jurisdiction over the two individual defendants. Although plaintiff has successfully been able to establish that Badpuppy displayed minimum contacts

with California through the sale of subscriptions, plaintiff has failed to show how the two individual defendants have satisfied the minimum contacts requirement in their personal capacities. Furthermore, Pinyon states that he has not "transacted, personally, any business or had any subsidiaries or substantial business contacts with California." Pinyon Decl. at 4. He further states that he is a resident of Brevard County, Florida and ha[s] continuously resided [t]here since 1992. *Id.* He also states that "[t]o the extent Badpuppy has any business contacts with California, then any such contacts [Pinyon has] had have only been within the course and scope of [his] employment with Badpuppy." *Id.* at 4–5. As to Wojcik, he states that he also resides in Brevard County, Florida, and has "continuously resided [there] since 1992." Wojcik Decl. at 1. Additionally, he states that "[t]o the extent Badpuppy has any contacts with California, then any business contacts [Pinyon has] would only be by virtue of [his] status as an officer and director with Badpuppy." Wojcik Decl. at 1. Therefore, plaintiff has failed to make a prima facie showing that this Court has personal jurisdiction over the individual defendants.[6]

## IV. VENUE

 Defendants also challenge plaintiff's choice of venue. The copyright venue statute governs the venue in this action. *See* 28 U.S.C. § 1400. Section 1400 states that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found." *Id.* For purposes of this section, a defendant "may be found" wherever personal jurisdiction is proper. *See Advideo, Inc. v. Kimel Broad. Group, Inc.,* 727 F.Supp. 1337, 1341 (N.D.Cal.1989). Because the Court holds that it has personal

jurisdiction over defendant Badpuppy, venue is proper in this case.

## V. TRANSFER

"For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a); *Decker Coal Co. v. Commonwealth Edison Company,* 805 F.2d 834, 843 (9th Cir.1986) (holding that if transfer of the matter would merely shift the balance of inconvenience to the moving party, rather than eliminate or reduce it, transfer is not warranted); *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979); *E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F.Supp. 465, 466 (E.D.Cal.1994) (holding that three factors: (1) convenience to the parties; (2) convenience to the witnesses; and (3) that transfer would be in the best interests of justice, are to be balanced by the inherent discretion of the Court and that these factors are interpreted broadly to allow the Court to consider the particular facts of each case).

 Whether or not to transfer venue is vested in this Court's discretion. The decision involves an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). In order to grant defendants' motion to transfer venue, this Court must make two findings. First, the Court must determine that the transferee court is one where the action "might have been brought." Second, the "convenience of the parties and witnesses" must favor a transfer. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985).

---

**6.** Furthermore, plaintiff asserts in his opposition that defendants waived the issue of personal jurisdiction. However, Rule 12(h) provides that waiver of the defense of personal jurisdiction can only occur if the defense is

not made in the first responsive pleading. *See* Fed.R.Civ.P. 12(h). Because this motion is the first responsive pleading, defendants have not waived that defense.

In this case there is no dispute that plaintiff could have properly commenced this action in the Middle District of Florida. The issue is thus narrowed to the convenience of the parties and witnesses. However, defendants do not address this issue at all. They merely claim that "venue is improper [in this District] under 28 U.S.C. § 1404(a), and therefore, the case should be transferred to [the] U.S. District Court for the Middle District of Florida or dismissed." Defs.' Mot. Dismiss. at 15. Because this Court finds that venue is proper in this District, defendants' argument fails.

## VI. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is DENIED as to defendant Badpuppy and GRANTED as to individually named defendants Pinyon and Wojcik. Defendants' motion to dismiss for improper venue is DENIED. Finally, defendants' motion in the alternative, to transfer the action for convenience, is DENIED.

**IT IS SO ORDERED.**