**BRAYTON PURCELL LLP, a California Partnership, Plaintiff,**

v.

**RECORDON & RECORDON, a California Partnership, Defendant.**

**No. C–04–4995 EMC.**

United States District Court, N.D. California.

March 18, 2005.

Margaret C. McHugh, Elizabeth R. Gosse, John C. Baum, Townsend and Townsend and Crew LLP, San Francisco, CA, for Plaintiff.

Jacob Zamora, The Law Office of Jacob D. Zamora, San Diego, CA, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER OF VENUE (Docket No. 14).**

CHEN, United States Magistrate Judge.

On November 24, 2004, Plaintiff Brayton Purcell LLP, a law firm with its principal place of business in Novato, California, filed suit against Defendant Recordon & Recordon (hereinafter referred to as "R & R"), a small law firm operating solely in San Diego, California. R & R allegedly copied the entire text of Brayton Purcell's website and incorporated the text into R & R's own website. The claims asserted by Brayton Purcell are (1) copyright infringement, see 17 U.S.C. § 501; (2) unfair competition under both federal and state law, see 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200; (3) false advertising, see Cal. Bus. & Prof.Code § 17500; and (4) common law misappropriation. Brayton Purcell has filed a motion for a preliminary injunction and R & R a motion to dismiss for lack of personal jurisdiction or, in the alternative, transfer of venue.

Having considered the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby DENIES R & R's motion to dismiss or transfer. As for Brayton Purcell's motion for a preliminary injunction, the Court defers ruling on the motion and instead orders the parties to meet and confer and thereafter file a proposed stipulation and order with the Court addressing the use, if any, by R & R of the text at issue.

## I. *FACTUAL & PROCEDURAL BACKGROUND*

Brayton Purcell is a law firm located in the Northern District of California with its principal place of business in Novato, California. *See* Brayton Decl. ¶ 2. The firm touts itself as a nation- and state-wide leader in this area, promoting its practice of fighting elder abuse in a separate extensive website located at www.elder-abuse-information.com. *See* Compl. ¶ 6. In its complaint, Brayton Purcell alleges that the contents of the website were copyrighted with an effective registration date of October 7, 2002. *See id.* ¶ 11.

R & R is a small law firm operating in San Diego, California. Stephen G. Recordon and Kathy R. Recordon are the only attorneys employed at the firm. *See* Recordon Decl. ¶ 4. R & R focuses primarily on civil and personal injury as well as family law. *See* Recordon Mot. at 2.

According to Brayton Purcell, on October 7, 2004, it scoured the Internet with a tool called "Copyscape" in search of unauthorized use of its materials. *See* Brayton Decl. ISO Mot. for Prelim. Inj. ¶ 11. With this technology, Brayton Purcell stumbled upon R & R's website which contained a section concerning elder abuse

law. *See id.* There, Brayton Purcell discovered that R & R had copied seven pages from Brayton Purcell's own website concerning elder abuse. *See* Compl. ¶ 14. Further, various pictures appearing in the Brayton Purcell site also appeared on the R & R site. *See id.* ¶¶ 13–19. While nearly the entire text from the Brayton Purcell web pages was copied into R & R's site, R & R did not give credit for, nor did Brayton Purcell authorize the use of, those writings. *See id.* ¶ 20.

Shortly thereafter, Brayton Purcell filed suit against R & R.

## II.  DISCUSSION

### A.  R & R's Motion to Dismiss or Transfer

#### 1.  Personal Jurisdiction

■ R & R has styled its motion to dismiss as one based on lack of personal jurisdiction. However, it appears to the Court that the motion is more properly characterized as a motion to dismiss for improper venue rather than for a lack of personal jurisdiction. "[J]urisdiction is the *power* to adjudicate, while venue, which relates to the place where judicial authority may be exercised, is intended for the *convenience* of the litigants." *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1313 (9th Cir.1985) (internal quotation marks omitted; emphasis in original). This Court has the power to hear a case against a defendant who resides anywhere in this state. *See generally Pennoyer v. Neff*, 95 U.S. 714, 5 Otto 714, 24 L.Ed. 565 (1877) (providing that one means of establishing personal jurisdiction is to demonstrate that the defendant is a "resident" of the forum state). Here, it is undisputed that R & R resides in California. Therefore, this Court does have personal jurisdiction over R & R.

#### 2.  Venue

■ As stated above, R & R's motion is more properly construed as a motion to dismiss for improper venue. This is because one of the claims asserted by Brayton Purcell is for copyright infringement and, for suits involving copyright infringement, there is a specific venue provision that controls. More specifically, 28 U.S.C. § 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit has interpreted the statute to mean that venue "is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir.1997), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998); *see also Autodesk, Inc. v. RK Mace Engineering, Inc.*, No. C–03–5128 VRW, 2004 WL 603382, at *9 (N.D.Cal. Mar. 11, 2004) (finding that 28 U.S.C. § 1391(c), which provides that venue is proper in any district where personal jurisdiction is found, is to be applied to § 1400(a) in determining where a defendant may be found); *Advideo, Inc. v. Kimel Broadcast Group Inc.*, 727 F.Supp. 1337, 1341 (N.D.Cal.1989) ("For purposes of this statute, a defendant is 'found' wherever personal jurisdiction over him is proper").

To demonstrate that the Northern District of California has personal jurisdiction over R & R, Brayton Purcell need only make a prima facie showing. *See Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995) (stating

that, when there has been no evidentiary hearing, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction"). The fact that the personal jurisdiction analysis here is subsumed in a larger venue question has no effect on this procedure. *Cf. Hudye Soil Services, Inc. v. Tyler*, 46 F.Supp.2d 1157, 1161 (D.Kan. 1999) ("The court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction."). Brayton Purcell argues that the Northern District of California, if it were a separate state, would have both general and specific jurisdiction over R & R. R & R contends to the contrary.

a. *General Jurisdiction*

▮ "General jurisdiction refers to jurisdiction to adjudicate claims that do not arise from the defendant's contacts with the forum state. Thus, if a defendant is amenable to general jurisdiction in a state, the state may exercise jurisdiction over the defendant based on any claim, including claims unrelated to the defendant's contacts with the state." 16–108 Moore's Fed. Prac.—Civ. § 108.40; *see also Synopsys, Inc. v. Ricoh Co., Ltd.*, 343 F.Supp.2d 883, 886 (N.D.Cal.2003) (noting the same regarding general jurisdiction). The test for general jurisdiction was recently summarized by the Ninth Circuit:

For general jurisdiction to exist over a nonresident defendant ..., the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir.2004). *See*

*also International Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ("While it has been held ... that continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity, there have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities."). The Ninth Circuit has stated that, when a court takes on the issue of general jurisdiction, "[f]actors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000).

▮ Brayton Purcell offers no evidence demonstrating that R & R makes sales, solicits or engages in business, or otherwise serves the markets in the Northern District of California. There is no evidence it engages in "continuous and systematic general business contacts" in this District. It has no clients nor does it practice law in this District. The Court therefore finds that Brayton Purcell has not made a *prima facie* showing of general jurisdiction.

b. *Specific Jurisdiction*

Because there is no general jurisdiction over R & R, the Court turns to the issue of specific jurisdiction. The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or per-

form some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Schwarzenegger,* 374 F.3d at 802.

### 1. *Purposeful Availment*

Under the first prong of the specific jurisdiction test, Brayton Purcell must establish that R & R either purposefully availed itself of the privilege of conducting activities in the Northern District of California, or purposefully directed its activities toward the Northern District of California. *See id.* The Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts. "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* In the instant case, it is undisputed that a claim for copyright infringement sounds in tort, and therefore a purposeful direction analysis is appropriate. *See, e.g., IO Group, Inc. v. Pivotal, Inc.,* No. C 03–5286 MHP, 2004 WL 838164, at *5, 2004 U.S. Dist. LEXIS 6673, at *17 (N.D.Cal. April 19, 2004) ("Copyright infringement may be characterized as an intentional tort.").

In analyzing purposeful direction, a court applies the "effects" test first established by the Supreme Court in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *See Schwarzenegger,* 374 F.3d at 803. That test is as follows: The defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state (here, the Northern District of California), and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state.[1] *See Bancroft,* 223 F.3d at 1087. In *Columbia Pictures,* the Ninth Circuit essentially deemed the effects/purposeful direction test satisfied when the defendant is being sued for copyright infringement, the plaintiff brings suit in the forum where the plaintiff resides, and the defendant knows that the plaintiff resides there. *See Columbia Pictures,* 106 F.3d at 284.

In *Columbia Pictures,* Columbia Pictures sued C. Elvin Feltner, the president of Krypton Broadcasting, for willful copyright infringement in the Central District of California. Feltner and Krypton Broadcasting reside in Alabama. According to Columbia Pictures, Krypton Broadcasting continued to broadcast sitcoms originally licensed to it by Columbia Pictures even after Columbia Pictures tried to revoke the licenses. Although the Ninth Circuit did not discuss the effects test explicitly, it cited *Calder* in finding that the purposeful availment requirement of the specific jurisdiction test was satisfied by the simple fact that the president had "willfully infringed copyrights owned by Columbia, which, as Feltner knew, had its principal place of business in [the forum district]." *Id.* at 289.

*Columbia Pictures* is directly on point here, and therefore the Court must conclude that Brayton Purcell has satisfied

---

**1.** At the hearing, R & R argued that Brayton Purcell has failed to show any harm as a result of the alleged infringement. However, harm is presumed upon infringement of a copyright. *See Autodesk,* 2004 WL 603382, at

*6 ("Defendant's admission that it copied plaintiff's software without permission is … sufficient for jurisdictional purposes to show that plaintiff has likely suffered harm.").

the effects/purposeful direction test by first, making a prima facie showing that R & R willfully infringed copyrights owned by Brayton Purcell, and second, alleging without dispute by R & R that R & R knew Brayton Purcell's principal place of business was in the Northern District of California. Other lower courts are in accord. *See also Autodesk*, No. C–03–5128 VRW, 2004 WL 603382, at *5 (stating that "a number of courts have found that willful infringement of intellectual property is sufficient to meet the requirements of the effects test"); *Real Good Toys, Inc. v. XL Machine Ltd.*, 163 F.Supp.2d 421, 425 (D.Vt.2001) ("Where [defendants] have knowingly and willfully infringed upon the copyright . . . of a Vermont corporation, knowing that the 'brunt of the injury' would be sustained in Vermont, *Calder's* 'effects test' has been met, at least preliminarily."); *Expert Pages v. Buckalew*, No. C–97–2109–VRW, 1997 WL 488011, at *3, 1997 U.S. Dist. LEXIS 12205, at *6 (N.D.Cal. Aug. 6, 1997) (holding that defendant directed his activities at the plaintiff in the forum state even though defendant "did not enter [the forum state] or conduct business with [plaintiff]" when defendant allegedly copied material from plaintiff's website); *Thomas Jackson Publishing, Inc. v. Buckner*, 625 F.Supp. 1044, 1046 (D.Neb.1985) ("Assuming the alleged acts of copyright infringement to be true, the Court finds that defendant's conduct and connection with [the forum state] were such that they should reasonable have anticipated being sued in this forum.").

The Court acknowledges that *Schwarzenegger*, a more recent Ninth Circuit opinion, could be read to support R & R's argument that the effects/purposeful direction test has *not* been satisfied. In *Schwarzenegger*, Arnold Schwarzenegger filed suit in California against an Ohio car dealership for the unauthorized use of his photograph in its advertisements (playing upon this role in the *Terminator* movies).

The Ninth Circuit concluded that the federal court in California did not have specific jurisdiction over the Ohio dealership because, under the effects test, it could not be said that the dealership had purposefully directed its actions at California consumers. Rather, the dealership's advertisements were targeted at Ohio consumers. Because the Ohio dealership "had no reason to believe that any Californians would see [the misappropriated images]," the mere fact that Mr. Schwarzenegger lived in California did not confer jurisdiction where the "express aim is local." *Id.* at 807.

Relying on *Schwarzenegger*, R & R argues that the information on its website was not purposefully directed at potential clients in the Northern District of California; rather, its express aim was local in nature—*i.e.*, targeting potential clients in the Southern District of California. *See* Stephen Recordon Decl. ¶¶ 8–9. The problem for R & R is that *Schwarzenegger* did not purport to overrule *Columbia Pictures*, nor did it provide any explicit reasoning why the holding in *Columbia Pictures* might be suspect. Absent a clear indication to the contrary, this Court is bound to follow *Columbia Pictures* since it is directly on point inasmuch as the cause of action here is for copyright infringement.

To be sure, R & R's position is not without some force. *Cf. IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998) ("Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement [of expressing aiming]. The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied."). And one could conclude that *Columbia Pictures* and *Schwarzenegger* are not entirely con-

sistent. To the extent *Schwarzenegger* could be read to imply that *Columbia Pictures* did not establish a *per se* rule, but instead permits a case by case analysis of the facts even in a copyright infringement case to determine purposeful availment, the facts of the case at bar are distinguishable from *Schwarzenegger.*

First, as in many of the copyrights cases cited above, Brayton Purcell has alleged a willful copyright violation. In contrast to infringement which is not willful,[2] an act of willful infringement requires that the defendant have knowledge that its conduct constitutes copyright infringement. *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1336 n. 3 (9th Cir.1990). The defendant must be aware of the legal consequences of the act. *Jobete Music Co., Inc. v. Massey,* 788 F.Supp. 262, 266 (M.D.N.C.1992). In *Schwarzenegger,* the car dealership's act of using Schwarzenegger's publicity was "intentional" only in the sense that an "intent to perform an actual physical act in the real world, rather than an intent to accomplish a result or consequence of that act." 374 F.3d at 806. The court did not find that the dealer acted "willfully" in the sense of knowing the legal consequences of violating the California common law presumptively applicable in that action. Hence, a higher degree of culpability is alleged in the case at bar than in *Schwarzenegger.*

Second, the advertisement in *Schwarzenegger* was run on five occasions in a local newspaper. It was never circulated in California, and hence the dealer had no reason to believe that any Californian would see it and respond. 374 F.3d at 807. In contrast, the copyright infringement alleged here was published on the Internet.

Although R & R's website was only passive and hence would not be sufficient in and of itself to support general personal jurisdiction (*Cybersell, Inc. v. Cybersell Inc.,* 130 F.3d 414, 419–20, (9th Cir.1997)), circulation of the copyrighted material reached into this District. While in *Schwarzenegger,* it was inconceivable that a Californian would see the advertisement and go to Ohio to buy a car, given the fluid and mobile nature of legal representation, it is not inconceivable that a consumer in this District might see R & R's website and decide to retain R & R as counsel. The alleged willful conduct together with the injection of the offending material into this District which could have produced some benefit to R & R makes this a stronger case for purposeful availment than in *Schwarzenegger.*

Accordingly, the Court finds that in light of *Columbia Pictures* and the facts of this case, purposeful availment obtains in the case at bar notwithstanding the Ninth Circuit's decision in *Schwarzenegger.*

### 2. *Arising Out of*

■ The second prong of the test for specific jurisdiction requires that the claim against the defendant be one which arises out of or relates to the defendant's forum-related activities. This factor is "measured in terms of 'but for' causation." *Bancroft,* 223 F.3d at 1088, *see also Panavision International v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir.1998) ("We must determine if the plaintiff ....would not have been injured 'but for' the defendant['s] ... conduct directed toward [plaintiff] in [the forum]."); *Ziegler v. Indian River County,* 64 F.3d 470, 474 (9th Cir.1995) (finding

---

**2.** There are many reasons why an intellectual property tort may not be willful. *See Princeton University Press v. Michigan Document Services, Inc.,* 99 F.3d 1381(6th Cir.1996) (finding infringer's belief that copying was fair use was not unreasonable and so was not willful); *Silverman v. CBS Inc.,* 632 F.Supp. 1344 (S.D.N.Y.1986) (a determination of willfulness involves the infringer's intent).

that "there is no dispute that 'but for' the contacts between defendant and [the forum], [plaintiff's] claims would not have arisen"). In the instant case, this factor is easily met. But for R & R's copyright infringement, which reached into this District and which affected Brayton Purcell in this District, Brayton Purcell's claim would not have arisen.

### 3. Fair Play and Substantial Justice

■ Finally, the third prong of the test for specific jurisdiction provides that the exercise of personal jurisdiction must comport with fair play and substantial justice.

In determining whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice," [a court] must consider seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. None of the factors is dispositive in itself; instead, [the court] must balance all seven.

*Core–Vent Corp. v. Nobel Industries*, 11 F.3d 1482, 1487–88 (9th Cir.1993). There is a presumption that jurisdiction is reasonable so long as the first two prongs of the specific jurisdiction test have been met. *See Schwarzenegger*, 374 F.3d at 802 (stating that the plaintiff bears the burden of satisfying the first two prongs of the specific jurisdiction test and that, "[i]f the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable"); *Haisten v. Grass Val-*

*ley Medical Reimbursement*, 784 F.2d 1392, 1397 (9th Cir.1986) ("[T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his activities at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable."); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (stating that the above factors "sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts that would otherwise be required").

In the case at bar, R & R has failed to overcome the presumption of reasonableness. R & R argues it has not injected itself into this forum. *See Insurance Company of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir.1981) ("Even if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong]."). The Court agrees that the degree of injection is minimal here. R & R interjected itself into this forum only by virtue of publishing copyrighted material in its passive website.

Even so, on balance, the other factors weigh against R & R and support the reasonableness of jurisdiction in the Northern District of California. In particular, the burden on R & R to litigate the case in this District rather than the Southern District of California is minimal. With respect to discovery, relevant documents will be found in both Districts, as will relevant witnesses. Presumably, their depositions will take place wherever the witnesses reside, be it in the Northern or Southern District. The place and course of discovery will not be affected by venue. Moreover, participation by the principals

of R & R in court proceedings in this District will likely be limited to mediation and trial. The main burden on R & R would be the time and cost of travel for its counsel to attend hearings in the Northern District. However, R & R can retain local counsel. Finally, the distance between San Diego and San Francisco is not great, and travel between the cities is not especially inconvenient.

While the balance of convenience tilts slightly in favor of R & R, the Court concludes that R & R has not presented a compelling case demonstrating the exercise of jurisdiction would not be reasonable. It has not overcome the presumption of reasonableness.

### 4. Summary

For the foregoing reasons, the Court concludes that, although it does not have general jurisdiction over R & R, Brayton Purcell has made a *prima facie* showing that there is specific jurisdiction. Consequently, the Court denies R & R's motion to dismiss for improper venue pursuant to § 1400(a).

### B. R & R's Motion to Transfer

■ R & R asserts that, even if venue is proper under § 1400(a), the case should still be transferred pursuant to 28 U.S.C. § 1404(a). This statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court has discretion in deciding whether to transfer pursuant to § 1404(a). *See Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (stating that the statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness' "). Factors that may be considered include:

(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman,* 157 F.Supp.2d 1103, 1106 (N.D.Cal.2001).

Many of these factors are the same as those listed above for the third prong of the specific jurisdiction test, and, for similar reasons, the Court concludes that R & R has not met its burden of showing that a transfer to another venue is appropriate. *See id.* ("The burden of showing that transfer is appropriate is on the moving party . . . ."); *see also Hoffman v. Blaski,* 363 U.S. 335, 366, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) ("[T]he defendant must satisfy a very substantial burden of demonstrating where 'justice' and 'convenience' lie, in order to have his objection to a forum of hardship, in the particular situation, respected."). A plaintiff's choice of forum "should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Accordingly, the Court denies R & R's alternative motion to transfer.

### C. Brayton Purcell's Motion for Preliminary Injunction

Having determined that both R & R's motion to dismiss and motion to transfer should be denied, the Court now turns to Brayton Purcell's motion for preliminary injunction. After Brayton Purcell filed this motion, R & R removed the allegedly infringing material from its website. In light of these subsequent events, the Court

shall defer ruling on Brayton Purcell's motion and instead instructs the parties to meet and confer to determine whether they can come to an agreement, and stipulate to an order which would obviate the motion. Such a stipulation shall be filed with the Court by March 28, 2005. If no stipulation is received, the Court will rule on the motion.

### III.  *CONCLUSION*

For the foregoing reasons, R & R's motion to dismiss or transfer is denied.

This order disposes of Docket No. 14.

IT IS SO ORDERED.